Argued December 8, 1955, affirmed March 1, 1956

## NELSON ET AL *v.* HAMPTON ET UX
### 294 P. 2d 329

*W. C. Winslow,* of Salem, argued the cause and filed briefs for appellants.

*Robert A. Leedy* argued the cause for respondents. On the brief were Barzee, Leedy & Keane, of Portland.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

## TOOZE, J.

This is a suit for specific performance of a contract to sell and deliver logs, for an injunction, and for damages, brought by Henry A. Nelson and Thomas Patterson, copartners, dba Nelson & Patterson, as plaintiffs, against Lewis Warner Hampton and Bessie E. Hampton, husband and wife, as defendants. A decree was entered denying specific performance, cancelling the contract, and awarding damages to plaintiffs. Defendants appeal.

The contract in this case was entered into between the parties on February 3, 1951, and by its terms defendants agreed to sell and plaintiffs agreed to purchase all the merchantable fir and hemlock logs de-

livered by defendants to plaintiffs from defendants' real property described as lots 1, 2, and 3, in sec. 19, township 7 south of range 9 west of the Willamette Meridian, Lincoln county, Oregon. Defendants specifically agreed to deliver 1,000,000 feet of said merchantable fir and hemlock logs. The falling and bucking was to begin within two weeks of the signing of the contract, and all the 1,000,000 feet were to be delivered by defendants on or before October 30, 1951, weather conditions and Acts of God permitting. Plaintiffs agreed to and did advance $5,000 to defendants so that the operation might begin, and this amount was to be repaid by deducting $5 per thousand feet from the price to be paid to defendants as the logs were delivered. The contract also gave to plaintiffs a first right and option to purchase logs from any other timber owned by defendants in Lincoln county; it further provided that if the defendants did not log the balance of the timber and desired to sell it, plaintiffs were given the exclusive right for 10 days within which to purchase the remaining timber owned by defendants.

The complaint charged in substance that defendants willfully and arbitrarily failed and refused to fulfill the duties imposed upon them by this agreement in that they made delivery of less than 200,000 feet of logs during 1951 and less than 15,000 feet during 1952, in August of which year this suit was commenced. It was further alleged that defendants were selling logs from this land to other persons, in direct violation of the agreement.

Plaintiffs sought $20,000 damages for the alleged breach of the contract and also asked for a temporary injunction during the pendency of this suit, to be made permanent at its conclusion, and for specific enforcement of the contract. The request for equitable

relief was based primarily upon the contention that, both at the time the contract was entered into and at the time the suit was brought, logs were scarce and could not be ''freely purchased on the open market,'' and that plaintiffs needed these logs to insure the continuity of their operation during the summer and as a means of accumulating ''cold decking'' for winter operation. Closely allied to this contention was the further claim that sales to third persons worked an irreparable injury upon plaintiffs and dangerously diminished the security to which they were entitled for the money that they had advanced to defendants. As a further ground entitling plaintiffs to equitable assistance, it also was alleged that defendants were financially irresponsible.

For an answer to the complaint defendants affirmatively alleged that plaintiffs had breached the contract in numerous stated particulars, and for that reason were not entitled to any of the benefits under it. Defendants asked the court for an accounting to adjust the financial rights of the parties and for a cancellation of the contract.

A temporary injunction against further sale of timber by defendants to third parties during the pendency of the suit was granted. A trial was then had, at the conclusion of which the court entered a decree to the following effect: (1) the injunction was dissolved; (2) the contract was cancelled; (3) specific performance was denied; (4) damages of $2,544.50 were assessed against defendants because of their breaches of the contract; (5) the sum of $4,515.39 was adjudged owing to plaintiffs on account of the moneys advanced by them to defendants; and (6) costs were awarded against defendants.

■ For their first assignment of error defendants

contend that the court erred in entering judgment in favor of plaintiffs and against defendants in the several sums noted above and in not dismissing plaintiffs' complaint. In support of this assignment of error defendants urge upon us the proposition that when the court denied specific performance and other equitable relief to plaintiffs, it was without jurisdiction to award damages to plaintiffs. They rely upon the well-established rule in this state that an equitable right must not only be averred but also must be established by evidence as a prerequisite to the determination or adjudication by a court of equity of a purely legal matter. *Barnes v. Eastern and Western Lumber Co.*, 205 Or 553, 287 P2d 929, 956; *Barber, Trustee v. Henry et al.*, 197 Or 172, 183, 252 P2d 802; *Walker v. Mackey et al.*, 197 Or 197, 207, 251 P2d 118, 253 P2d 280; *Powell et al. v. Sheets et al.*, 196 Or 682, 696, 251 P2d 108; *Ward v. Town Tavern et al.*, 191 Or 1, 228 P2d 216.

■ At the outset, we note the fact that defendants did not demur to plaintiffs' complaint in equity, nor did they at any point throughout the trial make a demand that the matter be transferred to the law side of the court where the question of damages might be determined by a jury. In the absence of a demurrer, the complaint must be construed most liberally in favor of plaintiffs. Liberally construed, it states a good cause of suit in equity. It also contains the necessary allegations to sustain an action at law for damages. However, defendants treated the case as a suit in equity, and they themselves prayed for equitable relief, an accounting, and cancellation of the contract. *Barnes v. Eastern and Western Lumber Co.*, supra.

■ Moreover, after a careful review of all the evidence in the case, we are, as the trial judge evidently was, convinced that plaintiffs did not breach the con-

tract, and that defendants did. In the light of our decision in *Pittenger Equip. Co. v. Timber Struct., Inc.*, 189 Or 1, 217 P2d 770, we are of the opinion that under all the facts and circumstances of this case, the trial court would have been warranted, had "it thought fit," in entering a decree of specific performance of the contract in question. ORS 75.680. However, plaintiffs did not cross-appeal from the decree denying specific performance and, therefore, that question is not before us for decision.

In *Powell et al. v. Sheets et al.*, supra, plaintiffs brought suit in equity for reformation of a contract, and for specific performance of the agreement as reformed; also for an accounting for profits. By supplemental complaint, they asked for damages. Specific performance, accounting for profits, and damages were all based upon a reformed contract. The evidence failed to establish a right to reformation, but over the objection of defendants, the trial court retained jurisdiction and awarded damages to plaintiffs. This we held constituted error. When the cause of suit for reformation failed, nothing remained upon which a court of equity could act.

In *Walker v. Mackey et al.*, supra, plaintiff sought specific performance of an oral contract for the sale and purchase of land. On the trial it developed that defendants had put it beyond their power to perform the contract fully, having conveyed a portion of the land in question to the State Highway Commission. A partial performance only was possible. However, plaintiff had alleged a good cause of suit in equity and on the trial had clearly established his right to specific performance. Specific performance being impracticable, the trial court denied it, and over defendants' objections that it had lost jurisdiction so to do, never-

theless entered a judgment for money in favor of plaintiff. We affirmed the decree, holding that under the circumstances the trial court properly retained jurisdiction to enter a money judgment.

In those two cases we discussed fully the principles of law and equity applicable to a situation such as that which now confronts us. It is unnecessary for us to repeat that discussion. The same principles are announced and discussed in *Barber, Trustee v. Henry et al.,* and in *Ward v. Town Tavern, supra.*

In the instant case we are not advised as to the grounds upon which the trial court denied specific performance. We cannot assume that the trial judge denied it upon the ground that plaintiffs were not, under any circumstances, entitled to the relief, because it is presumed that the court had knowledge of the provisions of ORS 75.680, and of what we said respecting this statute in *Pittenger Equip. Co. v. Timber Struct., Inc., supra.* It may be that the trial judge was of the opinion that there had been a change of circumstances following the commencement of the suit that rendered specific performance impracticable. The evidence disclosed that some of the logs for which plaintiffs had contracted had been sold and delivered to third parties. However, the trial court's reasons for denying specific performance are not important insofar as a decision in this case is concerned.

The case was tried as a suit in equity and was appealed to this court as a suit in equity. Both plaintiffs and defendants in their pleadings asked for equitable relief. As before stated, at no time did defendants claim a lack of jurisdiction on the part of the equity court to enter the decree it did until filing their brief in this court.

■ In *Friedenthal v. Thompson*, 146 Or 640, 647, 31 P2d 643, we said:

"* * * When both plaintiff and defendant seek the aid of equity, they thereby confer jurisdiction on the court to dispose of the entire case as in a suit in equity."

Also see *Barnes v. Eastern and Western Lumber Co.*, supra; *Yellow Mfg. Accept. Corp. v. Bristol*, 193 Or 24, 43, 236 P2d 939; *Ward v. Town Tavern*, supra; *Hansen v. Bogan*, 127 Or 399, 403, 272 P 668.

■ Other contentions are made by defendants. Without discussing them in detail, we will say that we are of the opinion that the contract between the parties was a valid and enforceable agreement, unaffected as to its validity by government price regulations. We also are of the opinion that there is substantial evidence in the record to support the decree of the trial court. Upon many questions at issue, the evidence was conflicting. Notwithstanding that all equity cases are tried de novo here, and we must be satisfied from our own independent investigation of the record as to where the truth lies, nevertheless, and for very obvious reasons, upon disputed questions of fact, great weight is always given to the findings and conclusion of the trial court, although they are by no means binding upon us. In this case we find no reason whatever for disturbing the findings of the able trial judge as witnessed by the decree.

The decree is affirmed.