Argued March 29, affirmed April 4, 1956

## HUNTER *v.* HUNTER
### 295 P. 2d 195

*Frank L. Whitaker,* Portland, argued the cause and filed a brief for appellant.

*Robert L. Recken* argued the cause for respondent. On the brief were Recken & Recken, Portland.

Before Lusk, Justice, presiding, and Brand, and Tooze, Justices.

PER CURIAM.

This is a suit for reformation of a written contract, brought by Sylvia A. Hunter, as plaintiff, against Byrle Hunter, as defendant. A decree dismissing the suit was entered; plaintiff appeals.

Plaintiff and defendant, formerly husband and wife, were divorced by decree of the circuit court for Multnomah county, Oregon, on January 31, 1952. Prior to the decree the parties entered into a written agreement settling their property rights, which agreement was submitted to and approved by the court in the divorce suit.

It is claimed in this suit that plaintiff was induced to enter into said property agreement by fraudulent conduct on the part of defendant. Plaintiff alleges that there was an oral agreement between the parties to divide their property upon the basis of one-half to each, but that by the fraudulent concealment of material facts by defendant, the written agreement of property settlement later executed did not correctly express the oral understanding between them, and asks that the written contract be reformed to conform to the prior oral agreement.

The evidence as to the existence of such an oral agreement as contended for by plaintiff was conflicting. The trial judge found that plaintiff had failed to sustain the burden of proof as to her allegations and denied reformation.

■ On the oral argument in this court it was agreed by counsel for both parties that if the evidence is insufficient to establish the oral agreement as claimed by plaintiff, the decree of the trial court must be affirmed. The real question before us then resolves itself into one of fact. In trying the case de novo, as we are required to do in equity cases on appeal, we

have given careful consideration to all the evidence in the case. There is a decided conflict in the testimony.

Where such a dispute as to the facts is present, we have in all cases tried de novo here given great weight to the findings and conclusions of the trial court respecting it. The applicable rule is stated in *Nelson v. Hampton*, 206 Or 573, 294 P2d 329, as follows:

"* * * Upon many questions at issue, the evidence was conflicting. Notwithstanding that all equity cases are tried de novo here, and we must be satisfied from our own independent investigation of the record as to where the truth lies, nevertheless, and for very obvious reasons, upon disputed questions of fact, great weight is always given to the findings and conclusions of the trial court, although they are by no means binding upon us."

From our own examination of the record, we find no reason whatever for disturbing the findings of the trial judge upon the facts. We believe he arrived at the proper conclusion and that the decree should be affirmed.

However, from our decision in this case it is not to be understood that we are in any way deciding that a suit for reformation of a contract may or may not be based upon a charge of fraud such as is contained in the complaint before us. We will decide that question when it is necessary to a decision.

The decree is affirmed. Neither party to recover costs.