Motion to dismiss appeal denied, motion to correct notice of appeal allowed January 11, submitted on briefs July 25, affirmed July 31, 1956

## PETERSON ET UX *v.* PETERSON ET UX

292 P. 2d 130
300 P. 2d 443

Goldstein, Galton, Galton & Popick, Portland, for respondents.

Frank L. Whitaker, Portland, for appellants.

ROSSMAN, J.

The defendants-respondents move for an order to dismiss this appeal, and the plaintiffs-appellants move for an order granting them the privilege of making a correction in the notice of appeal. The motion to dismiss is based upon these contentions:

"* * * The Plaintiffs-Appellant have failed to file with the Clerk of this Court a transcript as required by the provisions of 19.070 O.R.S. within the time provided by law and that this appeal appears to have been abandoned by said Plaintiffs-Appellant."

The motion to amend and thereby correct the notice of appeal is predicated upon the fact that the caption of the notice of appeal inverted the names of the parties and the notice itself incorrectly stated that "defendants

appeal'' whereas the plaintiffs are the appellants. Three days after the motion to dismiss was filed there came the supplementary motion to dismiss which charged that the appellants had not filed ''a proper Notice of Appeal.''

The following days and incidents are material. The decree challenged by the appeal was entered by the circuit court June 10, 1955. The notice of appeal and the undertaking on appeal were filed on, respectively, August 10 and August 22, 1955. Within five days of the time that the undertaking was filed the defendants-respondents filed a motion in the circuit court which read, in part, as follows:

> ''Comes now defendants, by and through their attorneys, Goldstein, Galton, Galton & Popick, and move the Court for an order to dismiss the appeal filed herein on the ground and for the reason that an undertaking was not filed within ten days' time after service of notice of appeal. * * *
>
> ''And, in the alternative, without waiving any of the rights heretofore set forth in the preceding motion,
>
> ''Notice is hereby given to plaintiffs and Berenice Cain, Surety, that defendants demand that you justify forthwith in the manner as bail upon arrest.''

That motion, to which we will shortly give attention, is not the one which is mentioned in the first sentence of this opinion. It was filed in the circuit court. December 20, 1955, the defendants-respondents filed in this court the motion to dismiss the appeal from which we quoted in the first paragraph. It is based, as we have said, in part upon the ground that the appellants have not filed the transcript which is required of appellants by ORS 19.070. Three days later, the defendants-respondents filed the supplemental motion to

dismiss, which, after stating that the notice of appeal inverted the names of the parties and indicated that the defendants, rather than the plaintiffs, are the appellants, charges that ''the Plaintiffs-Appellant have not filed a proper Notice of Appeal.''

· The above shows that the appeal is challenged by three motions to dismiss: (a) the motion filed in the circuit court in August, 1955, (b) the motion filed in this court December 20, 1955, and (c) the supplemental motion filed in this court December 23, 1955.

■ We will now consider together the supplemental motion and the motion made by the appellants for an order authorizing a correction in the notice of appeal. The caption of that paper inverted the names of the parties and in so doing identified the defendants with the term ''plaintiffs'' and the plaintiffs with the word ''defendants.'' However, the notice of appeal was addressed to ''Gordon Peterson and Evaneline Peterson.'' They were the defendants in the trial court. Apart from the erroneous spelling of the name of the defendant, Evangeline Peterson, the notice of appeal was addressed to the right persons. It was also directed to ''Goldstein, Galton, Galton & Popick, their attorneys.'' That firm was counsel for the defendants in the circuit court and represents them upon appeal. Through the errors just mentioned, the notice failed to state that the plaintiffs, D. S. Peterson and Helyn F. Peterson, appealed. The errors of which we have taken notice were shortly increased by three more. One of these caused the notice of appeal to say: ''take notice that defendants appeal'' (the plaintiffs are the appellants). Next, counsel for the plaintiffs-appellants, in signing the notice of appeal, identified himself as ''attorney for defendants,'' and then, as a finale to the comedy of errors, counsel for the defendants-re-

spondents, in acknowledging service of the notice of appeal, signed themselves "attorneys for plaintiff." Such a chain of errors in the preparation of an instrument which confers jurisdiction upon a court deserves censure. In this instance, the errors are of the nettling type but scarcely important. It is clear from the recitals of the motion to dismiss that the errors above mentioned did not mislead or prejudice the defendants-respondents. Obviously, the transposition of the parties in the notice of appeal did not deceive the defendants into a belief that they were the appellants. Their motion to dismiss paid no attention to the mistakes, and correctly set forth the names of the parties. It properly identified D. S. Peterson and Helyn F. Peterson with the words "Plaintiffs-Appellants" and then challenged the notice of appeal filed by the "Plaintiffs-Appellant". Likewise, the motion to dismiss which the defendants-respondents filed in the circuit court in August left unmentioned the mistakes found in the notice of appeal and it, too, accurately identified the parties. Thus it is apparent that the defendants-respondents promptly recognized the errors present in the notice of appeal and made the proper entries in their own papers. At that time they deemed the errors unworthy of mention. The notice of appeal described with precision the decree which the appeal sought to challenge and by so doing helped to neutralize the errors of which we have taken note. It was not until the supplemental motion to dismiss was filed that the defendants-respondents sought to take advantage of the slip-ups. That paper dwells upon the mistakes, but affords no basis whatever for a surmise that the mistakes misled or prejudiced the defendants. It is clear that the defendants noticed the errors when the notice of appeal was handed to them, but

deemed them inconsequential. The supplemental motion has the savor of an afterthought. Since the plaintiffs-appellants have moved for an order permitting them to correct the mistakes, that motion is sustained. ORS 19.030(3). The supplemental motion to dismiss the appeal is denied.

We will now consider the motion to dismiss the appeal which was filed in the circuit court. Concerning that motion, counsel for the plaintiffs-appellants states that he discussed with his adversary "on several occasions" the matter "of setting the same for hearing and at no time was I able to secure an agreement or commitment from him as to a satisfactory time." We are not surprised that he was not able to secure results, for very likely his adversary knew that plaintiffs' counsel was in a cul-de-sac. Both should have known that the circuit court would not entertain the motion. But plaintiffs' counsel goes on to say that in October, 1955, through a praecipe, he secured an assigned day from the circuit court for a hearing upon the motion and so notified opposing counsel. At the appointed time the two appeared before the presiding judge of Multnomah County, who thereupon referred the motion to Judge Carl Dahl. When the latter was apprised of the fact that the challenged decree had been entered by Judge Eugene Oppenheimer he referred the motion to Judge Oppenheimer. It developed, when counsel appeared before Judge Oppenheimer, that the latter was engaged in a trial and declined to entertain the motion unless it was submitted without argument. At that juncture plaintiffs-appellants' counsel proposed that the motion be submitted on brief. There the matter came to a halt, and there it still pends.

■■ Obviously, the circuit court could not dismiss an appeal to this court. When notice of appeal has been

given, this court obtains jurisdiction over the cause and the latter is transferred here. ORS 19.030; *Pond v. Jantzen Knitting Mills,* 187 Or 697, 180 P2d 115; and *Martin v. Harrison,* 182 Or 121, 180 P2d 119, 186 P2d 534. Motions to dismiss are heard only in the appellate court. 4 CJS, Appeal and Error, pp 1939 and 1940, §§ 1347 and 1348; 3 Am Jur, Appeal and Error, pp 192 and 320, §§ 528 and 743. The motion to dismiss which was filed in the circuit court was a nullity. We add that consultation of the calendar and of ORS 19.030(4) and 174.120 show that the undertaking was filed within the allotted time.

■ But, as we have seen, the motion filed in the circuit court to dismiss the appeal was accompanied with the following:

"Notice is hereby given to plaintiffs and Berenice Cain, Surety, that defendants demand that you justify forthwith in the manner as bail upon arrest."

That demand has never been met. Counsel for the plaintiffs-appellants, in explanation for his failure to have the surety justify, says:

"I honestly feel that counsel for Respondent should first dispose of his motion in the trial court for dismissal, before the justification is required."

The motion to dismiss filed in the circuit court was a nullity and should have been stricken from the files. It afforded no occasion for delay.

ORS 19.070 says:

"Within 30 days after the appeal is perfected, the appellant shall file with the clerk of the appellate court a transcript."

It will be observed that the transcript must be filed within 30 days after the appeal is perfected. ORS 19.030(4) provides:

> " * * * From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected."

Thus, the appeal, notwithstanding the passage of five months, has not been perfected. Accordingly, the time has not yet arrived for the filing of the transcript. It follows that the motion to dismiss, which is based upon the fact that the transcript has not been filed, must be denied.

We cannot let the occasion pass without observing that the delay in this case is inexcusable. The challenged decree was entered June 10, 1955. In the seven months that have passed since then the time has been frittered away. It is circumstances of that kind that cause the layman to think ill of the administration of justice.

Plaintiffs-appellants' motion to correct the notice of appeal is sustained. The motions to dismiss appeal are denied.

**ON THE MERITS**

Frank L. Whitaker, Portland, filed a brief for appellants.

Goldstein, Galton, Galton & Popick, Portland, filed a brief for respondents.

PER CURIAM.

This is a suit to declare a resulting trust in certain real property located in the city of Portland, Multnomah county, Oregon, brought by D. S. Peterson and Helyn F. Peterson, his wife, as plaintiffs, against Gordon Peterson and Evangeline Peterson, his wife, as defendants. The trial court entered a decree in favor of defendants dismissing plaintiffs' suit. Plaintiffs appeal.

Plaintiff D. S. Peterson and defendant Gordon Peterson are brothers. Plaintiffs claim that D. S. Peterson advanced and paid the required down-payment upon the purchase price of a house and lot located in the city of Portland, but for convenience and personal reasons title thereto was taken in the name of Gordon Peterson, and that defendant Gordon Peterson and his wife were permitted to occupy the premises so long as they paid the mortgage debt installments accruing upon the balance of the purchase price. Later defendants moved from the premises and plaintiffs moved in. Some eight years later, upon defendants' demand for possession of the property, plaintiffs brought this suit. By their answer, defendants alleged ownership of the property in themselves, and on the trial claimed that they had repaid D. S. Peterson for all advances of money he had made upon the original purchase thereof.

■ The learned trial judge found that no substantial evidence was presented to support the claims of plaintiffs and, therefore, dismissed plaintiffs' suit. No questions of law are involved. The issue was and is simply one of fact. We find no reason for disturbing the conclusions of the trial court. This appeal is without merit. *Hunter v. Hunter,* 207 Or 219, 295 P2d 195, 196; *Nelson v. Hampton,* 206 Or 573, 294 P2d 329, 333; *Neppach v. Norval,* 116 Or 593, 240 P 883, 242 P 605; *Chance v. Graham,* 76 Or 199, 148 P 63.

Decree affirmed. Defendants to recover costs.