Submitted on briefs July 25, affirmed August 22, petition
for rehearing denied September 19, 1956

REEVES ET UX *v.* DICKENSON ET UX

300 P. 2d 458

Frank H. Reeves, Portland, filed a brief for appellants.

Eugene C. Venn and W. Keith Rodman, Eugene, filed a brief for respondents.

PER CURIAM.

This is a suit for foreclosure of a land contract brought by Frank H. Reeves and Winnifred E. Reeves, his wife, as plaintiffs, against Robert R. Dickenson and Daisy Fern Dickenson, his wife, as defendants. By their affirmative answer, defendants alleged that they were induced to enter into said contract by false representations respecting the property involved, and prayed for a rescission of the agreement and other relief. A decree was entered in favor of defendants. Plaintiffs appeal.

On September 19, 1952, plaintiffs were the owners of certain property in Lane county, Oregon, known as the Brenda Motel. A contract for the sale and purchase of this property was entered into between plaintiffs and defendants on September 19, 1952. The agreed price was $66,000. Defendants made a down payment upon the purchase price in the sum of $7,270, that being the agreed value of defendant's equity in a farm located in Umatilla county, Oregon, and which was conveyed to plaintiffs. The balance of the purchase price, with interest, was to be paid in installments as fixed by the terms of the contract.

Defendants took possession of the Motel property and proceeded to operate the same. They paid the

installments due on the purchase price regularly for four months and then defaulted. On April 7, 1953, this suit to foreclose the contract was commenced.

Defendants, in their answer, alleged that plaintiffs had misrepresented the Motel property to them in that, among other representations, they had falsely stated that they had paid $66,000 for the same, and that it produced an annual net income of $6,000. The alleged misrepresentations were made to defendants by one Francis Stubblefield, the agent of plaintiffs. (Plaintiffs denied that Stubblefield was their agent in the transaction, but substantial evidence was produced to establish the relationship of principal and agent between plaintiffs and Stubblefield, and the trial court so found.)

The trial court found that plaintiffs had, through their agent, made the alleged representations to the defendants, and that they were false. The court also found that defendants relied upon the misrepresentations made, and entered into the contract on account thereof. From our own independent investigation of the record, we find that the representation as to the annual net income of the property was made as claimed by defendants, and that such representation was grossly false. It was a misrepresentation of a material fact, and under the facts and circumstances of this case, defendants had the right to rely upon it, and did. As to the price paid by plaintiffs for the property when they acquired it, the evidence is not clear. When examined as a witness with respect to the cost to plaintiffs of the Motel property, the plaintiff Frank H. Reeves would not disclose the price plaintiffs had paid therefor nor even the manner in which they had acquired it. There is no doubt that the representation was made to defendants that plaintiffs had paid $66,000 for the

Motel. Reading between the lines, it is evident that this was a false statement. Neither in the pleadings, upon the witness stand, nor in their briefs in this court do plaintiffs reveal what the property cost them, nor did or do they seriously question the claim of defendants that the representation made to defendants respecting that matter was false. However, the misrepresentation made as to the annual net income from the Motel property was sufficient, in and of itself, to warrant a rescission of the contract by defendants.

Plaintiffs seek to make the point that defendants had no right to rely upon their misrepresentation as to the annual income of the property, but should have made an independent investigation to determine the truth. They say in their brief:

"The respondents [defendants] claim that on a certain day, Sept. 19th, 1954, that appellants oral statements as to what he paid for property and income therefrom on which they relied and that said misrepresentations were false. *There is no allegation or inference from the evidence that the appellants in any way prevented them from ascertaining the truth concerning these matters.*

"Equity aids the vigilent [sic] and refuses to assist those who sleep on their rights. 19 Am. Jur. P. 333 Sec. 480." (Italics ours.)

In effect, it is plaintiff's position that though through their agent they made false representations to defendants as to a very material fact, defendants should be penalized because they believed them. It is true that equity aids the vigilant, but it also is true that equity has but little patience with one who lies as to material facts. In *Larsen et al. v. Lootens et al.,* 102 Or 579, 596, 194 P 699, 203 P 621, we said:

"* * * Equity has slight tolerance for the party who says in effect to an injured party, 'Even

if I did make false representations, you were so negligent in not ascertaining their falsity that you do not deserve relief.' While it is true that 'Equity is for the diligent', it has some regard for the credulous, the ignorant and even the negligent, unless relief from the consequences of such negligence will work a greater inequity than would be occasioned by refusing such relief.''

■ We have carefully reviewed the testimony in this case. There were some disputes between the parties as to the facts. However, the record discloses that the able trial judge gave close attention to all the evidence, as well as careful consideration of the same before arriving at his final conclusions. We attach great weight to his findings. We find no reason for disturbing them. The law supports the decree. *Hunter v. Hunter,* 207 Or 219, 295 P2d 195, 196; *Nelson v. Hampton,* 206 Or 573, 294 P2d 329, 333; *Johnson et ux. v. Cofer,* 204 Or 142, 149, 281 P2d 981; *Schuler et ux. v. Humphrey et ux.,* 198 Or 458, 493, 257 P2d 865; *Weiss and Hamilton v. Gumbert,* 191 Or 119, 135, 136, 227 P2d 812, 228 P2d 800; *J. C. Corbin Co. v. Preston et al.,* 109 Or 230, 249, 212 P 541, 218 P 917; *Larsen et al. v. Lootens et al.,* supra.

The decree is affirmed. Defendants to recover costs.