Argued October 4, affirmed October 17, 1956

STEFANOFF *v.* MAJOVSKI

302 P. 2d 219

*Howard P. Arnest,* Portland, argued the cause and filed briefs for appellant.

*Wilber Henderson,* Portland, argued the cause and filed a brief for respondent.

Before Tooze, Acting Chief Justice, and Rossman, Lusk, Brand, Perry and McAllister, Justices.

PER CURIAM.

This is a suit to declare a warranty deed conveying certain real property to be in fact a mortgage and for an accounting, brought by Boris T. Stefanoff, as plain-

tiff, against Iordana Majovski, as defendant. The trial court found in favor of the defendant and entered a decree dismissing plaintiff's suit with prejudice. Plaintiff appeals.

On June 11, 1947, the plaintiff, in consideration of the sum of approximately $4,300, paid to him or on his account by the defendant, conveyed to the defendant by warranty deed lot 6 and parts of lots 4 and 5 in block 8, Simon's addition to the city of Portland, in Multnomah county, Oregon. In his complaint filed in this suit plaintiff alleged, and on the trial testified, that the money paid to or for him by the defendant was in fact intended as a loan to him, and that the warranty deed executed and delivered to the defendant was in truth intended as a mortgage lien to secure the repayment of such loan, and not as an absolute conveyance of the property to defendant. Defendant denied this and contended that she had purchased the property from plaintiff.

■■ The burden was on the plaintiff to prove by clear and convincing evidence that the deed was simply security and not an absolute deed. *Colahan v. Smyth,* 159 Or 569, 575-576, 81 P2d 112. Upon the trial there was a sharp dispute between the parties as to the facts in the case. There was no dispute as to the law applicable to a case of this kind. There was ample and substantial evidence in the record to support the final conclusions of the trial court. The trial was held before a capable trial judge who has had 25 years of distinguished judicial experience upon the circuit bench of this state. In equity cases, which are tried de novo on appeal, we have always given great weight to the findings of the trial judge upon disputed questions of fact, although we always make our own independent in-

vestigation of the record. A careful consideration of the record in this case reveals that there is no occasion for disturbing the findings of the trial judge. *Nelson v. Hampton,* 206 Or 573, 580, 294 P2d 329.

The decree is affirmed.