Argued March 2, affirmed July 29, 1970

# JACK MATHIS GENERAL CONTRACTORS, INC.
ET AL, *Appellants, v.* MURPHY ET AL, *Respondents.*

472 P2d 820

234

*P. J. Washburn*, Roseburg, argued the cause for appellants. With him on the briefs were Charles A. Lane and Tonkon & Galen, Portland.

*Robert M. Stults*, Roseburg, argued the cause for respondents. With him on the brief were Stults, Jayne, Murphy & Anderson and Gordon G. Carlson, Roseburg.

Before Perry, Chief Justice,* and McAllister, Sloan, O'Connell, Denecke, Holman and Tongue, Justices.

SLOAN, J.

This is an action in ejectment. Plaintiffs are the

---

* Perry, C.J., retired June 1, 1970.

record title owner of the property in question. Defendants claim the right to possession as lessees of the disputed premises. The trial court found for defendants. Plaintiffs appeal.

The essential facts are not in dispute. In 1961, the record title to the property known as the Grand Hotel in Roseburg, was owned by Paul K. Ryan and Helen D. Ryan, husband and wife, and by Gordon G. Carlson, a single man. On January 21, 1961, the persons just named, entered into a contract to sell the hotel property to a corporation by the name of Senior Citizens Land & Development Co. At the same time that corporation executed a lease for a 30 year term to defendants for a portion of the hotel property. This is the property now in dispute. Neither the contract or the lease was recorded. However, in August 1961, in compliance with the contract of sale, just mentioned, Ryans and Carlson executed a deed to Senior Citizens Land & Development Co. That deed contained no reservation of the leasehold interest of defendants, as such, however, the deed did contain the following exception:

"And we the grantors do covenant that we are lawfully seized in fee simple of the above granted premises free from all encumbrances, excepting only that certain written lease agreement dated January 23, 1961, wherein Senior Citizens Land & Development Co. appear as Landlord and Spencer W. Yates, Edward M. Murphy, Gordon G. Carlson and Paul K. Ryan appear as Tenant, * * *."

This deed was executed and recorded prior to a certain deed of trust executed by Senior Citizens Land & Development Co. as security for a loan. That trust deed was later foreclosed and as a result of that foreclosure, the title to the property was eventually ac-

quired by people named Houstons. Houstons executed a trust deed to plaintiffs. Plaintiffs were required to foreclose that trust deed and by virtue of that foreclosure plaintiffs became the titleholder. Plaintiffs acknowledge that they had notice of defendants' leasehold interest. They claim, however, that the intervening parties were purchasers without notice and that this entitles plaintiffs to be treated with the same right.

Plaintiffs advance arguments that the exception relating to the lease stated in the deed, above quoted, was insufficient to create a reservation of a leasehold interest in defendants and cite cases such as *Billings v. Billings*, 1930, 156 Wash 505, 287 P 46, for example. It appears to us that the several arguments made by plaintiffs in this respect are not relevant to decision in the case.

■ The written lease, its terms and conditions were in existence when the deed from defendants to Senior Citizens Land & Development Co. was executed. The reference in the deed to the lease was sufficient to place any subsequent purchasers, including all the intervening parties, on notice to inquire as to the terms of the lease and of defendants' right to possession. "A recital in an instrument of record charges subsequent purchasers with notice of all material facts which an inquiry suggested by that recital would have disclosed.* * * * A purchaser is bound by the recitals in conveyances in his chain of title. When anything appears in these title deeds sufficient to put a prudent man on inquiry which if prosecuted with ordinary diligence would lead to actual knowledge of some right or title in conflict with the title he is about to purchase, it is his duty to make inquiry, and if he does not do so

he is chargeable with actual knowledge of what the inquiry would have disclosed.*" (*Footnotes omitted). 8 Thompson, Real Property 347, 1963 Replacement § 4310. *Belt et ux v. Matson et al.,* 1927, 120 Or 313, 252 P 80. Plaintiffs, and their predecessors in title, are charged with notice and knowledge concerning the lease.

■ In addition, defendants and their sub-tenants were in possession of the property during all of the time involved. It is uniformly held that possession provides notice to "all of the world" and evokes the need of inquiry upon the part of anyone proposing to buy an interest in the property. 87 Thompson, Real Property, *supra,* § 4332.

■ To overcome the lease, plaintiffs say that when the deed was executed by defendants to Senior Citizens Land & Development Co. that existing lease, now in question, between these same parties became merged in the deed. We think the doctrine is not applicable to the facts in the case. In addition to the recital in the deed it is clear that the parties did not intend that the lease be incorporated in or extinguished by the deed. Their conduct before and after evinces the opposite intent. *Van Hee v. Rickman et al.,* 1923, 109 Or 357, 360, 220 P 143; Annotation 38 ALR2d 1310, 1317. Both before and after the execution of the deed defendants were in possession of the property in accordance with the lease.

What has been said disposes of some of the other contentions of plaintiffs on this appeal.

■■ A separate assignment of error disputes the allowance by the trial court of an attorney's fee to defendants. The fee was based upon the provisions of

the lease which provided for the allowance of an attorney's fee to a prevailing party in any action to enforce the provisions of the lease such as to recover damages for a breach. Both parties agree that the right to the fee continues if the provisions of the lease are a covenant running with the land. Plaintiffs concede that the original parties intended this to be a covenant but dispute that it is a condition or provision that relates to the use of the land. It is axiomatic that for a covenant to run with the land that it is necessary the promise be one which relates to an estate in the land in addition to the requirement of the intent of the parties. *Hudspeth v. Eastern Oregon Land Co.,* 1967, 247 Or 372, 375, 430 P2d 353.

Although there is a scarcity of cases that are precisely apposite to the instant case we believe that the discussion of the subject of covenants found in *Hudspeth* as well as in *Abbott v. Bob's U-Drive et al.,* 1960, 222 Or 147, 352 P2d 598, 81 ALR2d 793, justifies the conclusion that the promise in the lease to pay an attorney's fee was a covenant that ran with the reversion. See *Abbott v. Bob's U-Drive et al.,* supra, beginning at p 158. See also cases digested in an Annotation at 77 ALR2d 735, at 743.

The judgment is, therefore, affirmed.