Argued January 7, affirmed February 3, 1977

PHAIR et ux, *Respondents,*
*v.*
WALKER et ux, *Appellants,*
COE et al, *Respondents.*
(73-335 E, SC 24287)
559 P2d 882

Blair M. Henderson, Klamath Falls, argued the cause and filed a brief for appellants.

Richard C. Beesley, Klamath Falls, argued the cause and filed a brief for respondents Ronald E. Phair and Lorrayne Phair.

[ 141 ]

William P. Brandsness, Klamath Falls, filed a brief for respondent Betty Coe.

Before Holman, J., Presiding Justice, and Howell, Lent and Mengler, Justices.

MENGLER, Justice pro tempore.

**MENGLER, J.,** pro tem.

This is an appeal from a decree that the plaintiffs are the owners of certain property free of any estate or interest therein by the defendants. Plaintiffs purchased Lots 20, 21, 22, 25, 26, 29, and a portion of Lot 7 from Blanche H. Balsiger under a land sale contract, which, together with a warranty deed, was delivered to First Federal Savings & Loan Association as escrow agent.

The plaintiffs, with Balsiger's written consent, assigned their entire interest in the Balsiger contract to the defendants Coe. This assignment and a deed were recorded on February 12, 1965 and were delivered to the escrow agent. Contemporaneously the plaintiffs, by a second written contract, assigned only portions of their interest in Lots 20, 21, 22, 25, and all of their interest in Lots 26 and 29 to the defendants Coe, and the plaintiffs Phair reserved the interest in the unassigned portions of Lots 20, 21, 22, and 25, and all of the portion of Lot 7. This second assignment and deed were not recorded, but were also delivered to the escrow agent.

The Balsiger contract is not in evidence. The second unrecorded assignment recited that Mrs. Balsiger would not consent to a partial assignment, but required that the entire interest in the Balsiger contract be assigned to the defendants Coe with their assuming payment on the whole contract. This assignment further recited that Mrs. Balsiger had agreed to release, upon prepayment, lot-size tracts from the property retained by the plaintiffs Phair. Mrs. Balsiger was not a witness. The plaintiff Ronald E. Phair testified as follows:

"Q    And the reason that you had two different instruments was because Mrs. Balsiger would not consent to your selling that property in parcels; isn't that correct?

"A    She wanted the whole parcel intact.

[ 143 ]

"Q   That's right and she wouldn't consent to your assignment unless you kept it intact, isn't that correct?

"A   Well, that is, I am sure, the insinuation here, but we did have a side contract with her that would—or I think a written consent that we could do otherwise, but she wanted—she requested that this be recorded, the original."

The defendants Coe were subsequently in the process of being divorced, and the defendant Hal F. Coe, by bargain and sale deed, conveyed what was the subject of the unrecorded second assignment and other unrelated property to the defendant Betty M. Coe. This deed was recorded on June 1, 1970.

On April 22, 1971 defendant Betty M. Coe, with Balsiger's consent, assigned all of her interest in the recorded Phair-Coe contract to the defendants Walker.

The defendants Walker on appeal allege that the trial court erred in finding that they were not bona fide purchasers. No issue was raised as to whether the defendants Walker purchased in good faith and for valuable consideration. The question before the court is whether the defendants Walker had actual, or constructive, notice of the intervening interest of the plaintiffs Phair.

The defendants Walker received a preliminary title report showing title in fee simple in Blanche H. Balsiger. Among the exceptions were the following: (1) the recorded Balsiger contract; (2) the recorded vendee's interest of the defendants Coe; and (3) the recorded deed from defendant Hal F. Coe to defendant Betty M. Coe. These recorded conveyances are essential to the title of the defendants Walker.

A purchaser is bound by the recitals in the conveyances necessary to his chain of title. If anything appears there that would put a prudent man on inquiry and which, if prosecuted with ordinary diligence, would lead to actual knowledge of some right in conflict with his title, it is his duty to make such inquiry. If he does not so inquire, he is chargeable with

the actual knowledge which the inquiry would have disclosed. *Jack Mathis Gen. Contr. v. Murphy,* 256 Or 233, 472 P2d 820 (1970).

■ Equity cases are tried de novo in this court. *Nelson et al v. Hampton et ux,* 206 Or 573, 294 P2d 329 (1956).

■ The recorded assignment from the plaintiffs Phair to the defendants Coe describes Lots 20, 21, 22, 25, 26, 29, and a portion of Lot 7. The identical description is used in the assignment from the defendant Betty M. Coe to the defendants Walker. The recorded bargain and sale deed from defendant Hal F. Coe to the defendant Betty M. Coe conveys "Portions of Lots 20, 21, 23, 25 and all of Lots 26 and 29 * * *", but does not describe the portion of these lots and the portion of Lot 7 which were reserved by the plaintiffs Phair. The including of Lot 23 in the deed is probably a typographical error and should have been Lot 22.

The defendants Walker in their brief concede that the defendant Betty F. Coe in her conversation with the defendants Walker was uncertain as to what property she owned and had only a vague idea of where the property lines were. The defendant Chandler J. Walker testified he knew that an escrow existed, and that he had knowledge of some of its contents.

The defendants Walker had notice that defendant Hal F. Coe was not conveying to defendant Betty F. Coe his whole interest in the recorded Phair-Coe contract. This, coupled with the defendants Walker's knowledge of the facts that defendant Betty F. Coe was uncertain as to what property she owned and vague as to its boundaries, and that the escrow existed, was sufficient to put a prudent man on notice and require him to inquire. If the defendants Walker had inquired of defendant Hal F. Coe why he did not convey the whole interest, or of Mrs. Balsiger as to whether she had consented to a partial assignment to

the defendants Coe, or examined the escrow, they would have learned of the interest of plaintiffs Phair.

This court finds that the defendants Walker were not bona fide purchasers.

Affirmed.