# IN THE OREGON TAX COURT

## Glen D. MARK
*v.*
## DEPARTMENT OF REVENUE
(TC 3255)

Glen D. Mark appeared *pro se*.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 28, 1993.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the assessment of additional taxes by reason of his land being disqualified from special

farm-use assessment.[1] After trial, the parties submitted memorandums of law.

The subject property is a ten-acre parcel located on Sauvie Island in Columbia County. The property is zoned Primary Agriculture-38, which, for purposes of the tax law, is considered exclusive farm use. The property was previously owned by a Mr. Havlik, who applied for a conditional-use permit. In October, 1989, the County Planning Commission granted the permit. The order granting the permit adopted the conditions of its staff report, one of which was that prior to the issuance of a home permit, the owner had to "[s]ubmit evidence the parcel has been disqualified from farm tax deferral." However, Mr. Havlik did not request disqualification or notify the assessor that the property should be disqualified. The County Planning Commission failed to require proof of notification to the assessor before issuing the conditional-use permit.

Plaintiff purchased the property from Mr. Havlik in February, 1990. Plaintiff later requested and obtained a permit to place a mobile home on the property for storage use only. Apparently this permit made the assessor aware of the fact that the property no longer qualified for special farm-use assessment. On April 23, 1991, the assessor notified plaintiff he intended to disqualify the property from farm-use special assessment and assess back taxes. Plaintiff timely appealed from this notice to defendant. After hearing, defendant denied plaintiff's petition and plaintiff filed its appeal in this court.

Plaintiff makes three arguments. First, he argues that issuance of the conditional-use permit by the County Planning Commission effectively disqualified the property from special farm-use assessment. By his logic, the land was disqualified prior to his purchase and, therefore, the back taxes should be assessed against the prior owner.

■ As defendant points out, taxes on real property are assessed against property, not against the owner. It does not

---

[1] Additional taxes of $9,936.15 were imposed by the assessor in the 1991-92 tax year. The question of whether the additional taxes can be imposed if they exceed the limitations of Article XI, section 11b, of the Oregon Constitution was not raised before the court. *See* Op Att'y Gen No 8216, 26-29 (Sept 7, 1990).

matter who owns the property. If the land is disqualified, the additional taxes are a lien upon the property. ORS 311.405(1). Further, granting of the conditional-use permit did not remove the property from special farm-use assessment. The assessor, not the County Planning Commission, has the authority to classify property for assessment. Actions by others are facts the assessor considers in making the determinations.

Plaintiff's second argument is that he is a bona fide purchaser and relieved of any lien by ORS 311.220. This argument ignores the fact that the assessment and tax roll expressly warned of the potential additional tax liability. Also, the deed which plaintiff received for the property expressly warned of the potential for additional taxes if the land is disqualified from farm use.

■ Plaintiff contends he could reasonably assume the additional back taxes had been assessed and paid because of the conditions attaching to the conditional-use permit issued by the county. Plaintiff's self-interest blinds him to an objective view. A short time period between issuance of the conditional-use permit and his purchase is all the more reason to suspect that the additional taxes had not been paid. A simple inquiry of the assessor's office or the tax collector's office would have disclosed the error of plaintiff's assumption. Plaintiff was put on notice by the public record of the potential additional taxes. He failed to make the inquiry which would have revealed that the land had not been disqualified by the assessor's office and the additional taxes had not been paid to the tax collector's office. These were matters of public record and plaintiff is charged with knowledge of such facts. *Phair v. Walker, Coe*, 277 Or 141, 559 P2d 882 (1977).

Plaintiff's third argument is that the assessor is estopped by the County Planning Commission's failure to perform its duties. Plaintiff's complaint fails to allege the essential elements of estoppel. In addition, the court finds no basis in the evidence to apply estoppel against the assessor. All of the representations by the assessor's office to plaintiff warned him of the potential additional tax liability. The only basis for claiming estoppel would be: issuance of the

conditional-use permit before the land was actually disqual-
ified led plaintiff to believe the land was already disqualified.
However, the staff report is not a representation nor was it
made to plaintiff. Plaintiff did not show he was entitled to rely
on any inference to be drawn from the conditional-use permit.
Moreover, the statement in the permit does not imply the
additional taxes had been assessed and collected.

The court finds the assessor was correct in notifying
plaintiff that the subject property was disqualified from farm-
use special assessment. Defendant's Opinion and Order
No. 91-1267 is sustained. Defendant to recover costs and
disbursements.