DECISION
Plaintiff appeals concerning certain additional taxes imposed by Defendant covering tax years 2003-04 through 2006-07.
A case management conference was held on September 4, 2008. Richard J. Dufault participated on his own behalf. David W. Evans appeared for Defendant. Subsequently, written arguments were filed. The record closed October 10, 2008.
 I. STATEMENT OF FACTS
The essential facts are not in dispute. Plaintiff purchased the property in March of 2007. At that time, 2.05 acres of the subject land were receiving special assessment for designated forestland. Both the 2006-07 and 2007-08 tax statements and the official records of Lane County contained the notation "Potential Additional Tax" for this property.
Apparently, the property had not qualified for the special assessment for several years dating back to when certain improvements were placed on the site. Plaintiff estimates that to be about 15 years ago. (See Ptf's Compl at 2.) For whatever reason, Defendant did not act on those building permits and other land use planning documents.
On March 27, 2008, Defendant disqualified the property from the special assessment effective for the 2008-09 tax year and imposed additional taxes for the five tax years 2003-04 *Page 2 
through 2007-08. The parties concur the property does not meet the minimum stocking requirements to continue with special assessment status in 2008-09 and beyond.
Plaintiff asks the court to find him liable for additional taxes for only one year, 2007-08, corresponding to the time of his personal ownership of the land. Plaintiff claims Defendant "is not collecting the correct tax due when current, instead just trying to collect unfair tax from a person who did not apply nor benefit from this error by the county." (Ptf's Ltr, Sept 19, 2008).
 II. ANALYSIS
When Defendant discovered that the subject property no longer qualified as special assessment, the disqualification action was mandatory. ORS 321.359(1)(b)(C).[1] Likewise, the additional tax is extended against the land and not the prior owner. ORS 308A.703(2). The five year period is calculated according to that same statute.
One statutory provision, ORS 311.235, protects certain limited purchasers from the reach of the disqualification: when the potential taxes were not a matter of public record at the time of the latest acquisition. Here, the potential additional tax lien was clearly public information.
The court is not without sympathy for Plaintiff and the additional tax bill. Although he did not personally benefit from the earlier special assessment, he bears the responsibility of its disqualification. That result is the product of the public preference to preserve those types of properties and the strict liability accruing to the land. Similar cases have reached the same result. *Page 3 
In Mark v. Dept. of Rev., the court rejected the taxpayer's argument stating it "ignores the fact that the assessment and tax roll expressly warned of potential additional tax liability." 12 OTR 369, 371 (1993),rev'd on other grounds, Mark v. Dept. of Rev., 14 OTR 467.
In another case, very similar to the immediate appeal, the property had been subdivided by a previous owner. It took several years for the assessor to discover the situation; the subsequent owner was held liable for all additional taxes. McMahen v. Lane County Assessor, TC-MD No 050765C WL 3369848 (Dec 12, 2005). See also Michel v. Jackson CountyAssessor, TC-MD No 070674C (Nov 19, 2007).
 III. CONCLUSION
The subject property was properly disqualified from special assessment as designated forestland, and the rollback taxes were correctly imposed on the land that was then owned by Plaintiff. Now, therefore,
IT IS THE DECISION OF THE COURT that appeal is denied.
Dated this ____ day of November 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November13, 2008. The Court filed and entered this document on November 13,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1