Argued and submitted September 19, affirmed December 4, 1996

Lavellia G. STEPHENSON,
aka Lavellia G. Johnson,
*Respondent,*

*v.*

Neilia PIERSON,
*Appellant.*

(94-CV-0091; CA A87638)

929 P2d 329

Clayton C. Patrick argued the cause for appellant. With him on the briefs was Patrick & Meadowbrook.

Frank C. Rote, III, argued the cause for respondent. With him on the brief was Brown, Hughes, Bird, Lane & Rote.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P J.

**WARREN, P. J.**

Plaintiff brought this action to establish her right to an easement for ingress and egress to her parcel of land along an existing road across defendant's property, to enjoin defendant from interfering with her use of the road, for damages arising from defendant's interference with that use, and for her reasonable attorney fees, pursuant to ORS 20.080. The trial court entered judgment in favor of plaintiff sustaining her claim of an easement and awarding her damages for defendant's interference with her use. Defendant appeals, making three assignments of error. We write only to address defendant's assignment that the trial court erred in awarding plaintiff attorney fees and affirm.

ORS 20.080(1) provides that, under specific circumstances, prevailing plaintiffs are entitled to recover attorney fees in an "action for damages for an injury or wrong" to their persons, property or both. Relying on *Bunnell v. Bernau*, 125 Or App 440, 865 P2d 473 (1993), defendant argues that a prevailing plaintiff who seeks attorney fees under ORS 20.080 must plead the predicate claim for damages in a distinct and separate count from any equitable claims. In this case, plaintiff sought both legal and equitable relief in the same count. Defendant maintains that plaintiff may not recover attorney fees because she thereby "intermingled" her claim for damages with her equitable claim, taking herself out of the requirements of ORS 20.080. Plaintiff responds that defendant cannot now be heard to complain about the manner in which plaintiff pled her claims because she failed to move in the trial court to require plaintiff to state her legal and equitable claims separately. ORCP 21 E. We agree with plaintiff.

In *Rose v. Rose and Freeman*, 279 Or 27, 566 P2d 180 (1977), the Supreme Court noted that attorney fees are only awarded under ORS 20.080 in actions at law. In that case, the court labeled the damages as "incidental" and noted that they were attributable to a trespass on the property that was the subject of the equitable relief. In *Bunnell*, a case markedly similar to the one before us, the plaintiffs sought to enjoin the defendants from interfering with a water pipeline easement and for damages for the defendants' interference

with the plaintiffs' use of the easement. The plaintiffs then sought both equitable and legal relief in the same action, but in separate counts. The trial court held for the plaintiffs but denied their request for attorney fees under ORS 20.080. On appeal, we remanded for an award of plaintiffs' attorney fees, stating that "[w]e do not read [*Rose*] to mean that ORS 20.080 can *never* apply in cases where *any* equitable relief is given, along with damages." *Id*. at 443. (Emphasis in original.) Specifically, we looked at the plaintiffs' complaint and noted that they pled their claim for damages in a separate count from the one in which they asked for equitable intervention.

The only difference between *Bunnell* and the one before us is that plaintiffs here did not plead their equitable and legal claims in separate counts. Even if separate pleading were required, defendant failed to object below. Defendant could have moved below to have plaintiff's complaint stricken under ORCP 21 E on the ground that it contained more than one claim not separately stated. She could thereby have required plaintiff to plead her claims separately and to cure any problem. We conclude that ORS 20.080 applies here and that the trial court did not err in awarding attorney fees to plaintiff.

Affirmed.