Argued June 4, affirmed June 24, petition for
rehearing denied July 7, 1964

IN THE MATTER OF THE ESTATE OF
# AYLO LUCINDA CHRISTIANSEN
## COON ET AL *v.* HUMBLE ET AL
393 P. 2d 655

*Glenn D. Ramirez,* Klamath Falls, argued the cause
and submitted the brief for appellants.

*William R. Bradshaw,* Klamath Falls, argued the
cause and submitted the brief for respondents.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

ROSSMAN, J.

This is an appeal by Alice Waits Coon and Elsie Waits Harris, daughters of the deceased Aylo Lucinda Christiansen, from a decree of the circuit court which dismissed their petition to revoke the will of their mother and ruled that the document they challenged was in truth the will of Mrs. Christiansen. The latter signed the document July 10, 1959. The two daughters, that is, the contestants, allege that at the time of the execution of the document their mother, then 71 years of age, lacked testamentary capacity and was dominated by her husband, Ole John Christiansen, who was their stepfather. Husband and wife had been married to each other for 42 years. The husband predeceased his wife 22 days. The challenged will bequeathed ten dollars to each daughter and the residue to the husband if he was living at the time of the testatrix's death; but if he was not then living, the will devised one-third of the residue to the First Baptist Church of Klamath Falls and two-thirds to the Salvation Army. The estate was appraised at $15,618.04.

The facts just stated were taken by us from the abstract of record. The transcript of evidence has not been brought to us. ORS 19.074 states:

"(1) In every case, the trial court file shall be transmitted to the Supreme Court as part of the record. Unless a transcript or narrative statement in lieu of a transcript is prepared as provided in ORS 19.074 to 19.098, the record shall consist of the trial court file alone.

"(2) At the time of filing the notice of appeal the appellant shall serve and file:

"(a) A designation of such parts of the proceedings and exhibits as he desires to be included in the record in addition to the trial court file.

\* \* \*

"(5) If after 10 days after the notice of appeal is filed no party has designated any parts of the proceedings or exhibits to be included in the record, the clerk shall promptly notify the Clerk of the Supreme Court, at Salem."

The appellant prepared no instrument of the kind that is described above as "a designation of such parts of the proceedings and exhibits as he desires to be included in the record in addition to the trial court file" and the requirement exacted by subparagraph (5) above likewise was not observed. The record, however, seems to indicate that a transcript of the evidence was prepared and that a copy was served upon respondents' attorney. For a reason not revealed to us the transcript of testimony has not reached this court.

█ In the absence of a transcript of the evidence, this case presents no issue except the sufficiency of the pleadings to support the judgment. See, by analogy, *Dressler v. Isaacs et al,* 218 Or 128, 323 P2d 64. The pleadings are clearly sufficient. Under these circumstances the challenged judgment must be affirmed. An appellant who wishes to present a contention such as the one presented by the appellants (the two daughters) must see to it that the transcript of evidence reaches this court. The duty is that of the appellant.

The decree of the circuit court is affirmed. Costs and disbursements will be awarded to neither party.