ROSE et ux, *Appellants,*
*v.*
ROSE, *Respondent,*
*and*
FREEMAN et ux, *Intervenors-Respondents.*
(TC 34-155, SC 24734)

566 P2d 180

Wayne C. Rapp, Reeder & Rapp, Hillsboro, argued the cause and filed the brief for appellants.

H. Kenneth Zenger, Huffman & Zenger, Hillsboro, argued the cause and filed the brief for respondent and intervenors-respondents.

Before Howell, Presiding Judge, and Lent, Linde and Tompkins, Justices.

TOMPKINS, J., Pro Tempore.

Linde, J., dissenting opinion.

**TOMPKINS, J.,** Pro Tempore.

This is a suit in equity in which plaintiffs seek to establish an access easement across land of defendants-intervenors. Defendant claims a leasehold interest in that portion of the land lying in the roadway. Answering separately, both defendant and defendants-intervenors counterclaimed for injunctions to prevent plaintiffs from using the roadway and for incidental money damages allegedly resulting from trespasses by plaintiffs in using the roadway.

The trial court denied equitable relief to plaintiffs and, with some modifications, granted the equitable relief sought by defendant and defendants-intervenors. Along with small amounts of incidental damages, attorney fees were allowed as claimed in a cost bill. Plaintiffs appeal.

The briefs and the transcript of testimony are replete with references to the exhibits, apparently consisting of maps, deeds, letters, photographs, a survey report, and a variance application. Plaintiffs, as appellants, did not designate the exhibits as a part of the record on appeal,[1] and without them we are unable fairly to consider and understand the assignments of error and arguments advanced in this court.

We examine the record on appeal, therefore, only to determine if the pleadings are sufficient to support the decree.[2] They do, except for the matter of attorney fees. Defendant and defendants-intervenors rely upon ORS 20.080 to uphold the award of attorney fees. That statute applies only to actions at law, not suits in equity. The award of attorney fees is reversed. In all other respects the decision below is affirmed. No party will recover costs and disbursements in this court.

Affirmed in part and reversed in part and remanded to set aside the award of attorney fees.

---

[1] ORS 19.029(1)(d).

[2] *See Coon v. Humble,* 238 Or 172, 393 P2d 655 (1964), and *Reeder v. Kay,* 276 Or 1111, 557 P2d 673 (1976), and cases there cited.

[ 29 ]

**LINDE, J.,** dissenting.

ORS 19.108(1)[1] provides that an appellate court faced with an incomplete record can supplement the record on its own motion if it chooses. Since the legislature has provided this means to avoid the irremediable effect of the kind of oversight that seems to have occurred here, I believe a reviewing court should use it whenever identification of the needed material is as simple and uncontroversial as in this case.

---

[1] ORS 19.108(1):

"When it appears to the court to which the appeal is made that the record is erroneous or incomplete in any particular substantially affecting the merits of the appeal, on motion of a party or on its own motion the court may make such order to correct or supplement the record as may be just or may dismiss the appeal if the error or omission is without reasonable excuse."