Argued March 26, affirmed in part, reversed in part,
and remanded with instructions July 30, reconsideration
allowed, former opinion modified in part
(41 Or App 745, 598 P2d 1289) August 27, 1979

# BARNES, et ux,
*Respondent,*

*v.*

# BOB GODFREY PONTIAC, INC.,
*Appellant.*

## (No. A78-204, CA 12777)

597 P2d 1285

Richard C. Houghton, P. C. , Eugene, argued the cause and filed the brief for appellant.

Jack A. Billings, Eugene, argued the cause for respondents. With him on the brief was Diment, Jagger & Billings, Eugene.

Before Buttler, Presiding Judge, and Lee and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from a judgment for plaintiff in the amount of $134.48, plus costs, and an award of attorney's fees in the amount of $500. The case was tried to the court, without a jury, and on appeal defendant contends that there was insufficient evidence to permit a finding that it was negligent. It also contends that the award of attorney's fees to plaintiff under ORS 20.080 was error.

■ We need not detail the facts. It is sufficient to state that plaintiffs took their automobile to defendant for routine maintenance, including an oil and oil filter change. There is evidence that immediately prior to delivery to defendant, the automobile was running properly, and that immediately after the automobile was redelivered to plaintiffs the engine made unusual noises. It was determined that the problem was with the oil pump, and the mechanic at another garage discovered small pieces of foreign material in the oil pump which was causing the malfunction. It cost $134.48 to replace the oil pump. The trial court relied on the doctrine of *res ipsa loquitur* in finding for plaintiff. Without elaborating on the evidence, which we view in a light most favorable to plaintiffs, or the application of *res ipsa loquitur* to this case, we cannot say that the evidence, together with the reasonable inferences which may be drawn therefrom, is insufficient to permit the finder of fact to conclude that defendant was negligent.

The second assignment of error is more substantial. Plaintiffs' original complaint alleged three causes of action: breach of contract, negligence, and unlawful trade practices relating to defendant's repair of plaintiffs' automobile. The total amount sought was $1,868.96, plus attorney's fees. Defendant moved against two of the causes of action and succeeded in having them stricken, leaving the remaining cause of action claiming damages of less than $1,000. The

question is whether, under these circumstances, plaintiffs may be awarded attorney's fees under ORS 20.080(1), which provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

At the outset, we note that the plaintiffs did not allege, and the trial court, so far as we are able to determine, did not find that "written demand for the payment of such claim was made on defendant not less than 10 days before the commencement of the action." The written demand is a condition precedent to the right to an award of attorney's fees, and its apparent absence here would seem to dispose of the matter. However, defendant did not raise the question either in the trial court or in this court, and we will treat it as having been waived.

Nevertheless, we hold that plaintiffs are not entitled to an award of attorney's fees because their original complaint sought damages in excess of $1,000. The policy of the statute is two-fold: (1) to deter persons having liability for torts from refusing to settle and pay just claims in relatively small amounts; unless the plaintiff is entitled to collect an attorney's fee, it may not be practical for him to pursue his legal remedy; (2) to deter plaintiffs from inflating small claims beyond an amount justly due, thereby encouraging the wrongdoer to make settlement of such claims without incurring the expense of defending

[266]

litigation. *See Johnson v. White*, 249 Or 461, 439 P2d 8 (1968). It is not a purpose of the statute to reward a plaintiff who makes an exaggerated claim exceeding $1,000, but which is later pared down to size either by amended pleadings or by jury verdict to less than $1,000. As the court said in *Johnson v. White, supra*: "If the plaintiff seeks a total of more than $1,000, he has chosen to take himself out of the operation of the statute." 249 Or at 463.

Accordingly, we reverse the judgment below for entry of a new judgment omitting any award of attorney's fees to plaintiffs.

Affirmed in part, reversed in part, and remanded with instructions.