Argued and submitted January 22, reversed and remanded with instructions; otherwise affirmed October 19, 1988

BARNES et al,
*Appellants,*

*v.*

LACKNER et al,
*Respondents.*

(61-409; CA A44282)

762 P2d 1043

Joanne Reisman, Portland, argued the cause and filed the brief for appellants.

Fred P. Roehr, Portland, argued the cause for respondents. On the brief were Cynthia A. Croft and Vergeer, Roehr & Sweek, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action for breach of a bailment contract, contending that their boat was damaged in an amount less than $4,000 while it was stored by defendants as bailees for hire. Before the case was scheduled to be tried, counsel for the parties agreed on an amount that defendant would pay plaintiffs as actual damages. The trial court entered a judgment awarding plaintiffs that amount plus costs and disbursements. However, the court ruled that plaintiffs were not entitled to attorney fees under ORS 20.080. Plaintiffs appeal and argue that the denial of attorney fees was error. We agree.

ORS 20.080(1) provides, as relevant:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action."

Defendants contend that the action sounds in contract rather than tort and that attorney fees under ORS 20.080 are awardable only in tort actions. They rely on *Colby v. Larson,* 208 Or 121, 125-26, 297 P2d 1073, 299 P2d 1076 (1956), where the court said:

"ORS 17.055 is a general statute applicable to every kind of case at law or in equity. It has been a part of the law of this state since 1862. Deady's General Laws of Oregon § 511. ORS 20.080 is a special statute passed in 1947 (Oregon Laws 1947, ch 366) to meet a particular situation. It applies only in tort actions involving claims for injury to person or property where the amount recovered is $500 or less, and was undoubtedly enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums."

Neither *Colby v. Larson, supra,* nor the later appellate court cases which defendants cite or we find, which repeat or paraphrase the quoted language, presented the issue of whether only a tort claim can support an attorney fee award under ORS 20.080. The question in *Colby* was whether an award was precluded by the defendant's offer to allow a judgment to be taken against him pursuant to *former* ORS 17.055.

The likeliest explanation for the references to tort actions in *Colby* and the subsequent cases is that each of them *was* a tort case. The language in the opinions which defendants read to mean that ORS 20.080 applies exclusively to tort actions does not convey that meaning to us; the word choice is far more probably a reflection of the understanding that injuries to persons or property are *generally* caused by torts, not contract violations, than of an intent to decide the question which was not presented—whether only tort claims are contemplated by the statute.

The case which comes closest to the point is *Barnes v. Bob Godfrey Pontiac, Inc.,* 41 Or App 263, 597 P2d 1285, *modified* 41 Or App 745, 598 P2d 1289, *rev den* 288 Or 81 (1979). The plaintiffs there alleged separate claims for breach of contract, negligence and unlawful trade practices. We held that the plaintiffs came within the $1,000 damage limit which ORS 20.080 then prescribed and that they could, therefore, recover attorney fees, because

> "we are satisfied that although plaintiffs did not argue the question on this ground, they did not concede that the original complaint sought more than $1,000 in damages. The original complaint set forth three alternative theories of recovery which would not have permitted recovery of more than $1,000." 41 Or App at 747.

The breach of contract claim was one of the alternative theories which, as pleaded, would have permitted the recovery of damages. Nevertheless, *Barnes* does not conclusively answer whether the contract claim could have been the basis for an award of attorney fees under ORS 20.080, because the claim on which the plaintiffs *did* prevail was negligence.

■ ■ We conclude that, when a contractual violation causes an injury to persons or property, the plaintiff can be awarded attorney fees under ORS 20.080 in a resulting contract action. The statute refers to "any action for an injury or wrong to the person or property * * * of another." The term "any action" cannot reasonably be read to mean just "any tort action." The only ambiguity arises from the word choice in *Colby* and later judicial reiterations. The statute itself is clear, and the dictum in *Colby* does not change its meaning. *Compare Farmer v. George,* 80 Or App 120, 720 P2d 1328 (1986). The

breach of the bailment contract on which the judgment was based did cause injury to plaintiffs' boat.[1]

Reversed and remanded with instructions to award plaintiffs attorney fees pursuant to ORS 20.080; otherwise affirmed.

---

[1] The basis for our holding makes it unnecessary for us to decide whether defendants are correct in regarding the conduct on which their liability is based as nontortious. *See Roberts v. Mitchell Bros.*, 289 Or 119, 124-27, 611 P2d 297 (1980).