Argued and submitted May 10, affirmed on appeal; reversed and remanded for attorney fees on cross-appeal December 22, 1993

Richard Dennis BUNNELL
and J. Heather Bunnell,
husband and wife,
*Respondents - Cross-Appellants,*

*v.*

Fred H. BERNAU
and Shirley Ann Bernau,
husband and wife,
and Jeremy G. Bernau,
*Appellants - Cross-Respondents.*

(90 CV 2638 CC; CA A74528)

865 P2d 473

Doyle L. Schiffman argued the cause and filed the briefs for appellants - cross-respondents.

Daniel W. Seitz argued the cause and filed the briefs for respondents - cross-appellants.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiffs brought this action, alleging that defendants had interfered with their use of a water pipeline easement over defendants' property. The trial court granted plaintiffs injunctive relief and awarded them damages for their costs of obtaining an alternative water supply and other costs that they incurred as a result of the interference. Defendants appeal the merits of the judgment, and plaintiffs cross-appeal from the trial court's denial of attorney fees that they sought pursuant to ORS 20.080. We affirm on the appeal and reverse on the cross-appeal. Only the cross-appeal requires discussion.

ORS 20.080(1) provides that, under specified circumstances, prevailing plaintiffs are entitled to recover attorney fees in an "action for damages for an injury or wrong" to their persons, property or both. The trial court acknowledged that the question was "extremely close," but ruled that attorney fees were not recoverable. The basis for the court's ruling was its view that because an easement is an interest in land in another's possession, it is not a plaintiff's "property" within the meaning of the statute.

■ We disagree with the trial court's reasoning. An easement is an "interest in land." *Scott v. State Highway Commission*, 23 Or App 99, 104, 541 P2d 516, *rev den* (1975). Although the precise status of an easement holder's estate has been variously described, we are aware of no Oregon authority holding that it falls short of a property interest. Moreover, given the remedial purpose of ORS 20.080, *see Bennett v. Minson*, 309 Or 309, 787 P2d 481 (1990), we construe its terms liberally. We conclude that actions for damages involving easements are actions for an injury or wrong to "property" within the meaning of ORS 20.080.

■ The question remains whether this action, in which plaintiffs sought both equitable relief and damages, is one to which ORS 20.080 applies. In *Rose v. Rose and Freeman*, 279 Or 27, 566 P2d 180 (1979), the court held that attorney fees under ORS 20.080 are not recoverable in equitable proceedings, and it therefore vacated an award in an action where both "equitable relief" and "incidental damages" were

awarded.[1] The court labeled the damages in *Rose* as "incidental," and noted that they were attributable to a trespass on the property that was the subject of the equitable relief. Beyond that, the cryptic opinion in *Rose* gives no information about the relationship between the damages and the equitable relief sought or given. We do not read it to mean that ORS 20.080 can *never* apply in cases where *any* equitable relief is given, along with damages.

Here, plaintiffs sought damages in a separate count from the one in which they asked for equitable intervention. The damages count, claiming interference with the easement, states a claim that could have been asserted even if no equitable claim had been made. It is, in every sense, "an action for damages" arising out of the injury or wrong to the easement. We conclude that ORS 20.080 applies here and that plaintiffs are entitled to attorney fees under it.

Affirmed on appeal; on cross-appeal, reversed and remanded for award of attorney fees to plaintiffs.

---

[1] We assume, without deciding, that *Rose* survives ORCP 2, which abolishes the procedural distinctions between law and equity.