On respondent on review's petition for reconsideration filed July 28, and on petitioners on review's petitions for attorney fees and costs, filed August 10 and 11, respectively, considered and under advisement September 22; plaintiff's petition for reconsideration allowed, former opinion modified and adhered to as modified; defendants' petition for attorney fees and costs and disbursements denied without prejudice to defendants seeking attorney fees in the Court of Appeals for work performed in that court and the Supreme Court, should they prevail on remand; costs are awarded to abide the determination of the prevailing party by the Court of Appeals on remand* October 15, 2020

ALBANY & EASTERN RAILROAD COMPANY,
an Oregon corporation,
*Respondent on Review.*

*v.*

Michael MARTELL
and Cindy Martell, a married couple;
John Harcrow and Elaine Harcrow, a married couple;
Jeffrey Kaiser and Beverly Kaiser, a married couple;
Joanne Fagan, an individual;
Ray McMullen and Michelle McMullen, a married couple;
Jeremy Orr and Karen Orr, a married couple;
Richard Hutchins and Jill Hutchins, a married couple;
Laura Mithoug, an individual,
*Petitioners on Review.*

(CC 13CV00291) (CA A161921) (SC S066941)

475 P3d 437

In an action to quiet title and seeking damages for trespass, the Supreme Court originally reversed the decision of the Court of Appeals and affirmed the judgment of the circuit court. *Held*: The opinion of the Supreme Court is modified to remand the case to the Court of Appeals for further proceedings. The original opinion is adhered to as modified.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified. Defendants' petition for attorney fees and costs and disbursements is denied without prejudice to defendants seeking attorney fees in the Court of Appeals for work performed in that court and the Supreme Court, should they prevail on remand. Costs are awarded to abide the determination of the prevailing party by the Court of Appeals on remand.

En Banc

_____

\* 298 Or App 99, 445 P3d 319 (2019), *reversed by* 366 Or 715, 469 P3d 748 (2020).

Martin E. Hansen, Francis Hansen & Martin, LLP, Bend, filed the petition for reconsideration and objection to attorney fees on behalf of respondent on review.

Dan Armstrong, Heilig Misfeldt & Armstrong, LLP, Corvallis, filed the response to the petition for reconsideration, the petitions for attorney fees and costs, and the reply to the objection on behalf of petitioners on review.

BALMER, J.

Plaintiff's petition for reconsideration is allowed. The former opinion is modified and adhered to as modified. Defendants' petition for attorney fees and costs and disbursements is denied without prejudice to defendants seeking attorney fees in the Court of Appeals for work performed in that court and the Supreme Court, should they prevail on remand. Costs are awarded to abide the determination of the prevailing party by the Court of Appeals on remand.

**BALMER, J.**

Plaintiff Albany & Eastern Railroad Company (AERC) petitions this court for reconsideration of its decision in *Albany & Eastern Railroad Co. v. Martell*, 366 Or 715, 469 P3d 748 (2020). In *Albany & Eastern Railroad Co.*, this court ruled in favor of defendants, holding that the trial court correctly had concluded that defendants had established a prescriptive easement over plaintiff AERC's land. 366 Or at 729. This court reversed the decision of the Court of Appeals and affirmed the judgment of the trial court. *Id.*

In its petition for reconsideration, plaintiff does not challenge the court's resolution of the prescriptive easement issue. Instead, plaintiff argues that this court erred in affirming the judgment of the trial court, rather than remanding the case to the Court of Appeals to consider a separate issue—the trial court's award of attorney fees to defendants under ORS 20.080(2). Plaintiff had argued to the Court of Appeals that, even if defendants successfully asserted a prescriptive easement counterclaim, the trial court had no authority to award attorney fees to defendants. According to plaintiff, a prescriptive easement is an equitable remedy that falls outside of ORS 20.080. In support of that argument, plaintiff cited *Rose v. Rose and Freeman*, 279 Or 27, 29, 566 P2d 180 (1977). Because the Court of Appeals ruled in favor of plaintiff on the prescriptive easement issue, that court vacated the trial court's judgment without resolving whether the trial court erred in awarding defendants attorney fees under ORS 20.080(2). *Albany & Eastern Railroad Co. v. Martell*, 298 Or App 99, 101, 445 P3d 319 (2019).

Defendants filed a response to the motion for reconsideration, arguing that the trial court was correct in its award of attorney fees. They also filed petitions for attorney fees and costs and disbursements in this court and in the Court of Appeals. Plaintiff filed an objection to the request for attorney fees, arguing that the issue of defendants' entitlement to fees had not yet been resolved and, alternatively, that defendants' claimed fees were unreasonable.

We agree with plaintiff that the matter of attorney fees should have been remanded to the Court of Appeals following this court's disposition on the merits. Accordingly, we grant plaintiff's petition for reconsideration, and modify the disposition in *Albany & Eastern Railroad Co. v. Martell*, 366 Or 715, as follows:

> "The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings."

Plaintiff's petition for reconsideration is allowed. The former opinion is modified and adhered to as modified. Defendants' petition for attorney fees and costs and disbursements is denied without prejudice to defendants seeking attorney fees in the Court of Appeals for work performed in that court and the Supreme Court, should they prevail on remand. Costs are awarded to abide the determination of the prevailing party by the Court of Appeals on remand.