Submitted on remand from the Oregon Supreme Court December 3, 2020, affirmed May 25, petition for review denied October 6, 2022 (370 Or 303)

ALBANY & EASTERN RAILROAD COMPANY,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

Michael MARTELL
and Cindy Martell, a married couple;
John Harcrow and Elaine Harcrow, a married couple;
Jeffrey Kaiser and Beverly Kaiser, a married couple;
Joanne Fagan, an individual;
Ray McMullen and Michelle McMullen, a married couple;
Jeremy Orr and Karen Orr, a married couple;
Richard Hutchins and Jill Hutchins, a married couple;
Laura Mithoug, an individual,
*Defendants-Respondents.*

Linn County Circuit Court
13CV00291; A161921

511 P3d 1101

This civil appeal is before the Court of Appeals on remand from the Oregon Supreme Court, *Albany & Eastern Railroad Co. v. Martell*, 366 Or 715, 729, 469 P3d 748, *adh'd to as modified on recons*, 367 Or 139, 475 P3d 437 (2020), and concerns a disputed easement on plaintiff's property. The sole issue on remand is whether the trial court correctly ruled that defendants were entitled to attorney fees under ORS 20.080(2) after prevailing on their equitable counterclaim for a prescriptive easement. Plaintiff argues that defendants are not entitled to an award of attorney fees, because, as applicable here, ORS 20.080 authorizes awards of attorney fees exclusively in small-value tort actions at law. *Held*: The trial court did not err. A defendant who successfully prosecutes an equitable counterclaim in an action otherwise subject to ORS 20.080 is entitled to recover attorney fees under ORS 20.080(2).

Affirmed.

On remand from the Oregon Supreme Court, *Albany & Eastern Railroad Co. v. Martell*, 366 Or 715, 469 P3d 748 (2020).

David E. Delsman, Judge.

John Kennedy argued the cause for appellant. Also on the briefs was The Morley Thomas Law Firm.

Dan Armstrong argued the cause for respondents. Also on the brief was Heilig Misfeldt & Armstrong, LLP

Before Mooney, Presiding Judge, and Pagán, Judge, and DeHoog, Judge pro tempore.

DeHOOG, J. pro tempore.

Affirmed.

**DeHOOG, J. pro tempore**

This case is before us on remand from the Supreme Court. *Albany & Eastern Railroad Co. v. Martell*, 366 Or 715, 729, 469 P3d 748 (2020) (*Albany & Eastern Railroad Co. II*), *adh'd to as modified on recons*, 367 Or 139, 475 P3d 437 (2020) (*Albany & Eastern Railroad Co. III*). In its initial opinion, the Supreme Court reversed our ruling on the merits, *Albany & Eastern Railroad Co. v. Martell*, 298 Or App 99, 445 P3d 319 (2019) (*Albany & Eastern Railroad Co. I*), and affirmed the circuit court's ruling establishing that the residents of a neighborhood (defendants) had a prescriptive easement to use a railroad crossing on plaintiff's property to access their homes. In *Albany & Eastern Railroad Co. III*, 367 Or at 141-42, the Supreme Court modified its opinion on reconsideration and remanded the case to us to determine an issue that we had not decided: whether the trial court had correctly ruled that defendants were entitled to attorney fees under ORS 20.080(2). We originally found it unnecessary to reach that issue in light of our conclusion that defendants' counterclaim could not succeed, which rendered their attorney-fee claim moot. *Albany & Eastern Railroad Co. I*, 298 Or App at 101 n 1. Now addressing the issue on remand, we conclude that the trial court did not err in awarding defendants their attorney fees. Accordingly, we affirm.

We review "attorney fee awards under ORS 20.080[1] for errors of law." *Johnson v. Swaim*, 343 Or 423, 427, 172 P3d 645 (2007). We first briefly recount the underlying facts of the parties' dispute to give context to our analysis of the attorney-fee issue. As we explained in our previous decision:

"Defendants are the owners and residents of eight developed lots in a subdivision known as the Country Lane

---

[1] ORS 20.080 provides, in part:

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $10,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action * * *.

"(2) If the defendant pleads a counterclaim, not to exceed $10,000, and the defendant prevails in the action, there shall be taxed and allowed to the defendant, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim."

neighborhood. The Country Lane neighborhood is bounded to the east by the South Santiam River; to the west is a narrow strip of land owned by [Albany & Eastern Railroad Company (AERC)]. AERC maintains and actively uses railroad tracks that run along its property. A road (Country Lane) runs through the subdivision and abuts AERC's strip of land. There is a marked railroad crossing at the juncture of Country Lane and the tracks. Defendants all use the crossing to access their homes from the South Santiam Highway, and they and their predecessors have done so for many years. The Country Lane crossing, which is the subject of the parties' dispute, is defendants' only way to travel between their homes and the South Santiam Highway or any other public roadway.

"* * * * *

"* * * AERC filed this action alleging trespass[, requesting associated nominal damages,] and seeking to quiet title in the disputed crossing. In their answer, defendants raised various affirmative defenses and counterclaims, including a [counter]claim that they were entitled to use the crossing by virtue of a prescriptive easement. Following a bench trial, the court found for defendants on that counterclaim."

*Albany & Eastern Railroad Co. I*, 298 Or App at 101-03.

At trial, plaintiff argued that defendants were not entitled to fees, because they had prevailed on an equitable claim, rather than a legal claim, and ORS 20.080(2) authorizes fees only with regard to legal claims. In rejecting that argument, the trial court reviewed three cases that, in the court's view, collectively supported an award of attorney fees under ORS 20.080(2) on defendants' counterclaim.[2]

In the first case that the trial court considered, *Rose v. Rose and Freeman*, 279 Or 27, 29, 566 P2d 180 (1977), the plaintiff had filed suit seeking "to establish an

---

[2] The legislature adopted ORS 20.080(2) in 1955, Or Laws 1955, ch 554, § 1, adding it the text that now appears in ORS 20.080(1), which was adopted eight years earlier. Or Laws 1947, ch 366. Both subsections have been repeatedly amended over the years to increase the maximum value of claims on which attorney fees may be awarded and to modify various notice and timing provisions. Those changes do not affect our analysis, nor do they appear to have been material to the various decisions cited in this opinion. Thus, except where we directly quote those other decisions, we refer throughout this opinion to the current version of ORS 20.080.

access easement across land of defendants-intervenors." In response, the defendant and the defendant-intervenors "counterclaimed for injunctions to prevent plaintiffs from using the roadway and for incidental money damages allegedly resulting from trespasses by plaintiffs using the roadway." The trial court in that case denied the plaintiff's request for equitable relief but granted the equitable counterclaims, along with the incidental damages that the defense had sought. *Id.* The court also awarded attorney fees. On review, the Supreme Court summarily reversed the attorney-fee award, holding without further discussion that ORS 20.080 "applies only to actions at law, not suits in equity." *Id.*

The trial court next considered *Barnes v. Lackner*, 93 Or App 439, 762 P2d 1043 (1988), noting our holding there that, given the legislature's use of the term "any action" in ORS 20.080(1), it could not have intended to limit the statute's application to tort actions.[3] *See id.* at 442 ("The term '*any* action' cannot reasonably be read to mean just 'any *tort* action.'" (Emphases added.)). Notably, in reaching that conclusion, we declined to follow *dictum* in *Colby v. Larson*, 208 Or 121, 125-26, 297 P2d 1073 (1956), in which the Supreme Court had expressly noted that ORS 20.080 "applies only in tort actions" and had been "enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums."

Finally, the trial court considered *Bunnell v. Bernau*, 125 Or App 440, 442, 865 P2d 473 (1993), a case in which the plaintiff had alleged that the "defendants had interfered with their use of a water pipeline easement over defendants' property," and "[t]he trial court granted plaintiffs injunctive relief and awarded them damages for their costs of obtaining an alternative water supply and other costs that they [had] incurred as a result of the interference." There the

---

[3] *Barnes* was a contract action. At the time, ORS 20.080(1), like now, authorized attorney-fee awards "[i]n any [otherwise qualifying] action for damages for an injury or wrong to the person or property, or both[.]" ORS 20.080(1) (1987). Consistent with our conclusion in *Barnes* that ORS 20.080(1) authorized attorney fees in qualifying contract actions, 93 Or App at 442, the legislature has since expressly authorized attorney-fee awards in such cases. Or Laws 2001, ch 542, § 1.

trial court denied the plaintiffs' request for attorney fees under ORS 20.080, not because their claims had in part been equitable, but because, in the court's view, the plaintiffs' interest in the easement was not "property" within the statute's meaning. *Id.*

On appeal, we expressly rejected that reasoning before turning our focus to whether ORS 20.080 authorized an attorney-fee award when the "plaintiffs sought both equitable relief and damages." *Id.* In concluding that the plaintiffs could recover their fees under those circumstances, we acknowledged that, in *Rose*, the Supreme Court had "held that attorney fees under ORS 20.080 are not recoverable in equitable proceedings, and it therefore vacated an award in an action where both 'equitable relief' and 'incidental damages' were awarded." *Id.* at 442-43. We explained, however, that we did not read *Rose* "to mean that ORS 20.080 can *never* apply in cases where *any* equitable relief is given, along with damages." *Id.* at 443 (emphases in original). We further expressed uncertainty as to what the exact relationship in *Rose* was between the equitable relief the defendants had sought and the "incidental" damages awarded to them, though we understood the damages to be attributable to a trespass on the property at issue. *Id.*

Ultimately, we distinguished *Rose* because, in the case before us in *Bunnell*, the "plaintiffs sought damages in a separate count from the one in which they asked for equitable intervention," and that damages claim "could have been asserted even if no equitable claim had been made." *Id.* We therefore considered it "in every sense" to be "'an action for damages'" under ORS 20.080. *Id.*[4]

Based on its review of those earlier decisions, the trial court in the present case drew the following conclusions:

---

[4] In *Bunnell*, 125 Or App at 443 n 1, we expressly assumed without deciding that the Supreme Court's decision in *Rose* survived the adoption of ORCP 2, which abolished "[a]ll procedural distinctions between actions at law and suits in equity *** except for those distinctions specifically provided for by these rules, by statute, or by the [c]onstitution of this state." No party to this appeal suggests that ORCP 2 has any bearing on the intended meaning or scope of ORS 20.080. In light of our conclusion that defendants are entitled to their attorney fees, we need not consider the possibility that ORCP 2 might otherwise render the provisions of ORS 20.080 equally applicable to equitable claims.

"The Court finds that the rulings in *Rose*, *Bunnell*, and *Barnes* provide that ORS 20.080 does apply to equitable relief sought under ORS 20.080. It follows that a party is not limited by the statute to plead only a legal counterclaim, but may also rely on an equitable counterclaim. The Court's reading of ORS 20.080(2) is that the statute is not limited to small tort counterclaims or legal counterclaims. Because the plaintiff's legal claim invoked ORS 20.080(1) and the [defendants] prevailed in the action claiming a counterclaim that did not exceed $10,000, defendants have met the statutory criteria for authorization of attorney fees as pleaded and are entitled to an award of attorney's fees."[5]

The trial court further explained:

"Plaintiff's complaint sought damages for a claim to quiet title and trespass. Defendants prevailed on the claims asserting a prescriptive easement defense [*sic*]. Because the trespass claim is subject to ORS 20.080 and the [defendants] prevailed *on that claim*, [d]efendants are entitled to attorney's fees pursuant to ORS 20.080(2)."

(Emphasis added.)

On appeal, plaintiff argues that "[d]efendants are not entitled to an award of attorney fees because ORS 20.080 applies exclusively to small tort actions at law, not equitable claims for prescriptive easement." Plaintiff observes that "[t]here can be no doubt" that the prescriptive easement counterclaim that defendants succeeded on "was an action in equity." Thus, plaintiff argues, defendants were not entitled to attorney fees under ORS 20.080(2).

Plaintiff acknowledges that defendants prevailed on plaintiff's trespass claim seeking damages, a claim that, under the foregoing case law, could have supported an award of attorney fees to *plaintiff*, had plaintiff prevailed rather than defendants. However, plaintiff argues that the "statute is not reciprocal" and that ORS 20.080(1) does not allow for defendants to recover attorney fees for defending against a plaintiff's claims. Rather, plaintiff argues, the legislative history and relevant case law make it clear that,

---

[5] The trial court also rejected plaintiff's alternative argument that, if defendants were entitled to attorney fees, so too was plaintiff for prevailing on three of defendants' counterclaims. That ruling is not before us on appeal.

under ORS 20.080, a defendant must prevail on a counter-claim—and not merely on one or more of the plaintiff's claims—to recover attorney fees. And here, because the only counterclaim on which defendants prevailed was an *equitable* counterclaim, ORS 20.080 does not authorize an award of defendants' attorney fees.

Echoing the trial court's reasoning, defendants counter that, because plaintiff invoked ORS 20.080(1) with its trespass claim, they were entitled to recover attorney fees under ORS 20.080(2) once they prevailed on a counterclaim that they had asserted in response. We understand defendants' position to be that, to the extent that ORS 20.080's attorney-fee provisions are limited to what previously were known as actions at law,[6] those provisions are triggered by the initial pleading of a legal claim, after which the pleading of any counterclaim—legal or equitable—can serve as the basis of attorney fees, so long as the counterclaim succeeds and the other requirements of ORS 20.080(2) are met.

As previously stated, we review the trial court's attorney-fee ruling for errors of law. *Johnson*, 343 Or at 427. Here the parties' dispute requires us to determine whether—and if so, when—ORS 20.080(2) authorizes an award of attorney fees to a party that prevails only on an equitable counterclaim. That, in turn, requires us to determine what the legislature most likely intended, which we do by examining the statutory text in context. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Context includes any case law construing the statute or its predecessors. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998) ("Case law interpreting the statute at issue also is considered at our first level of analysis."). We will also consider any available legislative history to the extent it may be helpful, and we may resort to canons of statutory construction if our other efforts fail to make the statute's meaning clear. *Gaines*, 346 Or at 172-73.

Applying that framework here, we ultimately agree with the trial court's conclusion that ORS 20.080(2)

---

[6] As noted, 319 Or App at 821, ORCP 2 "abolished" for most purposes the previous distinction between "actions at law" and "suits in equity"; that rule further provides that now there is only "one form of action known as a civil action."

authorized an award of attorney fees to defendants. We note, however, that we do not reach that conclusion in quite the same manner as the trial court. That is, we do not necessarily understand *Rose*, *Bunnell*, and *Barnes* to "provide that ORS 20.080 does apply to equitable relief sought under ORS 20.080." Rather, as we explain below, we conclude that the structure of ORS 20.080, together with the Supreme Court's discussion of ORS 20.080 in a case not considered by the trial court, *Halperin v. Pitts*, 352 Or 482, 287 P3d 1069 (2012), compel that understanding of ORS 20.080(2).

Starting with the text to be construed, ORS 20.080(2) provides:

> "If the defendant pleads a counterclaim, not to exceed $10,000, and the defendant prevails in the action, there shall be taxed and allowed to the defendant, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim."

On its face, the text of that subsection provides relatively little guidance. On the one hand, it directs trial courts to award prevailing defendants attorney fees for prosecuting counterclaims that do "not *** exceed $10,000," ORS 20.080(2), and equitable claims are typically not directly associated with dollar amounts. That could signal an intention to limit attorney-fee awards to those arising from legal counterclaims. Similarly, the text refers to prevailing in "the action," a term that, at the time ORS 20.080(2) was adopted, was associated more closely with legal claims than with equitable claims, which commonly were pursued in "suits."[7]

On the other hand, an equitable claim, which, as noted, typically has no direct monetary value, is arguably by definition one that does not "exceed $10,000"; in that

---

[7] As the Supreme Court appears to have reasoned in *Rose*, because the text of ORS 20.080 referred to "actions," as opposed to "actions and suits," it applied only to "actions at law," *i.e.*, legal claims. *Rose*, 279 Or at 29 ("That statute applies to actions at law, not suits in equity."). The court had previously found support for that distinction by comparing the statute to such statutes as *former* ORS 17.055 (1953), *repealed by* Or Laws 1979, ch 284, § 199, which allowed a defendant, at any time before trial, to seek a compromise by tendering an offer "to allow judgment or decree *** for the sum, or the property, or to the effect therein specified." *See Colby*, 208 Or at 125-26 (distinguishing *former* ORS 17.055 (1953) from ORS 20.080 and calling it "a general statute applicable to every kind of case at law or in equity").

regard, an equitable counterclaim might well satisfy that requirement of ORS 20.080(2). Moreover, the reference to a defendant who prevails in "the action" could be seen as distinguishing the action as a whole from any individual counterclaim on which an attorney-fee award might be based, arguably lending some support to the trial court's understanding that the counterclaim need not be legal in nature, so long as the underlying "action" in which defendants prevailed can itself be characterized as a "legal" action.[8]

The context for ORS 20.080(2) includes the subsection that precedes it, ORS 20.080(1), which provides, in relevant part:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $10,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action * * *."

Like ORS 20.080(2), that subsection authorizes an award of attorney fees to a party—the plaintiff—who "prevails in the action." Further, unlike subsection (2), subsection (1) has a likely referent for "the action," namely, "any action for damages for an injury or wrong." *See State v. Lykins*, 357 Or 145, 159, 348 P3d 231 (2015) ("As a grammatical matter, the definite article, 'the,' indicates something specific, either known to the reader or listener or uniquely specified."); *State v. Jackson*, 318 Or App 370, 375, 507 P3d 727 (2022) ("We agree that there is a correlation between 'the' device specified in the second part of the sentence and 'a' speed measuring device in the first part."). Thus, as the Supreme Court's opinion in *Rose* may reflect, ORS 20.080 might be understood to limit attorney-fee awards to circumstances in which a plaintiff has initiated an "action for damages," as opposed to an action seeking only equitable relief. *See Rose*,

---

[8] We note, however, that, in another context, the Supreme Court has observed that ORS 20.080(2)'s reference to a defendant who prevails in "the action" rather than on "the counterclaim" does not mean that the defendant must prevail on the action as a whole to recover attorney fees. *Bennett v. Minson*, 309 Or 309, 314, 787 P2d 481 (1990) (legislative change in wording from "thereon"—*i.e.*, on the counterclaim—to "in the action" was, in court's view, "purely semantic" and did not require defendant to prevail on the action as a whole to recover attorney fees related to a successful counterclaim).

279 Or at 29 (holding that earlier version of statute did not apply to "suits in equity" where *defense* had alleged, as part of counterclaim for injunctive relief, entitlement to incidental damages resulting from plaintiff's trespass, an arguably legal component to equitable counterclaim).

Ultimately, neither the text nor that statutory context provides a definitive answer to the question posed in this case, namely, whether attorney fees are available to a defendant who prevails on an equitable counterclaim raised in a case in which the plaintiff's claim or claims are legal in nature. We therefore turn to the case law construing ORS 20.080(2) and its statutory predecessors for any further contextual guidance that those cases may provide, beginning with the cases that the trial court found most instructive.

For starters, *Rose* does not support the trial court's understanding that ORS 20.080 applies to equitable relief. Indeed, although it does so in rather broad terms and without elaboration, that opinion holds that ORS 20.080 does not apply to "suits in equity," a holding arguably directly at odds with the trial court's conclusion that the statute applies to equitable relief. *See Rose*, 279 Or at 29 (reversing attorney-fee award where underlying case was not an "action at law"). However, because, unlike plaintiff in this case, the plaintiff in *Rose* sought only equitable relief, and because, in that case, the Supreme Court did not tether its ruling to any specific statutory language or anything specific about either party's pleadings, we do not find that case helpful in determining whether the legislature's likely intent was for ORS 20.080(2) to permit an attorney-fee award here.[9]

In our own decision in *Bunnell*, we acknowledged the holding in *Rose* "that attorney fees under ORS 20.080 are not recoverable in equitable proceedings[.]" 125 Or App at 442. We reasoned, however, that because the plaintiff's claim for damages was stated in a count separate from the

_____

[9] Although we consider *Rose* as part of our independent assessment of the text and context of ORS 20.080(2), we recognize that, if the Supreme Court's decision in that case were to be on point, we would be bound by that court's statutory interpretation. Because, however, the plaintiff in *Rose* alleged only an equitable claim, while in this case plaintiff alleged at least one legal claim, we do not view that case to be directly on point; thus, we consider it only for any light it may shed on the intended meaning of ORS 20.080(2).

plaintiff's request for injunctive relief and "could have been asserted even if no equitable claim had been made," the Supreme Court's decision in *Rose* did not control. *Id*. at 443. The holding of *Bunnell* is helpful insofar as it informs us that an action may entitle a party to attorney fees under ORS 20.080 even if the party's claim is not *exclusively* a legal claim. But because *Bunnell* involved neither a counterclaim subject to ORS 20.080(2) nor, as here, a claim that was exclusively equitable in nature, that opinion similarly provides little guidance as to whether attorney fees are authorized in this case.[10]

Because it is helpful to our understanding of ORS 20.080 as a whole, we turn to the Supreme Court's decision in *Halperin*. In that case, the issue was whether, to be entitled to attorney fees under ORS 20.080(2), a defendant was required to have previously served the plaintiff with a demand letter, which ORS 20.080(1) expressly required of plaintiffs who themselves sought attorney fees.[11] *Halperin*,

---

[10] Similarly, because *Barnes* concerned a contract claim, and not an equitable claim or counterclaim, we do not find it instructive as to the issue raised here.

[11] The following provisions of ORS 20.080 impose that obligation on plaintiffs seeking to recover their attorney fees:

"(1) In any action for damages for an injury or wrong to the person or property, or both, *** [if] the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff *** a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action *** if the court finds that written demand for the payment of such claim was made on the defendant *** not less than 30 days before the commencement of the action ***.

"*****

"(3) A written demand for the payment of damages under this section must include the following information, if the information is in the plaintiff's possession or reasonably available to the plaintiff at the time the demand is made:

"(a) In an action for an injury or wrong to a person, a copy of medical records and bills for medical treatment adequate to reasonably inform the person receiving the written demand of the nature and scope of the injury claimed; or

"(b) In an action for damage to property, documentation of the repair of the property, a written estimate for the repair of the property or a written estimate of the difference in the value of the property before the damage and the value of the property after the damage.

"*****

"(5) A plaintiff may not recover attorney fees under this section if the plaintiff does not comply with the requirements of subsections (3) and (4) of this section."

352 Or at 484. There the defendants had prevailed on a counterclaim for trespass, but we held that they were not entitled to attorney fees under ORS 20.080(2). *Id*. at 485. We reached that conclusion based on *Bennett v. Minson*, 309 Or 309, 315, 787 P2d 481 (1990), where the Supreme Court had stated that "the procedural requirements of demand and tender contained in subsection (1) apply to subsection (2), which is silent on those matters." *Halperin*, 352 Or at 485 (describing our ruling). Notwithstanding that statement in *Bennett*, which the *Halperin* court determined to be *dictum*, *id*. at 494, the *Halperin* court reached a different conclusion after construing ORS 20.080 for itself, *id*. at 486-91.

Starting with the statutory text, the court observed that "[s]ubsection (1) plainly applies to plaintiffs only * * * [and] [s]ubsection (2) plainly applies to defendants only." *Id*. at 487. Further, the court emphasized that "[s]ubsection (2) makes no mention of a prelitigation demand requirement [and] [i]t supplies no phrasing that reasonably could be construed to impose such a requirement." *Id*. (explaining that, as enacted by the legislature in 1947, the text now codified (with amendments not relevant here) at ORS 20.080(1) stood alone and permitted only plaintiffs to recover their attorney fees).

The court then noted that the legislative history regarding the enactment of ORS 20.080(2) eight years later "is sparse" and that nothing in it suggested that the legislature had intended to impose a demand requirement on defendants. *Id*. at 488 (discussing Or Laws 1955, ch 554, § 2, later codified as ORS 20.080(2)). The court further noted that in 1953, the legislature had considered, at the recommendation of the Oregon State Bar, amending what is now ORS 20.080(1) by weaving in much of what now appears in ORS 20.080(2). *Id*. at 488-89. The proposed, but ultimately rejected, language provided:

"Section 1. In any action for damages, *or counter claim for damages*, for any injury or wrong to the person or property, or both, of another where the amount [recovered] *in controversy is* [five hundred dollars $500.] *one thousand dollars ($1000.00)* or less, there shall be taxed and allowed to the plaintiff, *or a counter-claiming defendant*, as part of the

costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of such action if the court shall find that written demand for the payment of such claim was made on the defendant *or plaintiff* not less than 10 days before the commencement of such action; provided, that no attorney fees shall be allowed to the plaintiff *or defendant* if the court shall find that the defendant, *or plaintiff* tendered to the plaintiff, *or defendant,* prior to the commencement of such action, an amount not less than the damages awarded to the plaintiff *or defendant* in such action."

*Id*. (quoting Oregon State Bar, *Minimum Fee Schedules*, 1953 Committee Reports 14; alterations in quoted source). That failed proposal supported the Supreme Court's conclusion in *Halperin* that, as ultimately enacted and codified, the provisions of subsection (1) and subsection (2) imposed distinct obligations on plaintiffs and defendants. *See Halperin*, 352 Or at 491 ("[N]othing in the wording of ORS 20.080 suggests that the legislature intended the prelitigation demand-letter requirement of subsection (1) to apply to defendants under subsection (2). In fact, the textual evidence is directly to the contrary."); *see also id*. at 494 (declining to follow *dictum* in *Bennett* that demand-letter requirement in subsection (1) equally applied to subsection (2), which was silent on the matter).

*Halperin* informs our understanding of ORS 20.080, ultimately leading us to conclude that a defendant who successfully prosecutes an equitable counterclaim in an action otherwise subject to that section is entitled to recover attorney fees under ORS 20.080(2). The *Halperin* court appears to have viewed the legislature's rejection of the Bar's proposal— followed by the legislature's adoption of what is now subsection (2) in the next legislative session—as indicating that the legislature intended for plaintiffs to be subject to distinct requirements to qualify for attorney fees under ORS 20.080, which it did not intend to require of defendants; or, if it did intend to apply them to defendants, it failed to accomplish that goal in enacting ORS 20.080(2). *See Halperin*, 352 Or at 494-95 (A court may not "resort to legislative history as a justification for inserting wording in a statute that the legislature, by choice or oversight, did not include.").

Contrasting subsections (1) and (2), then, as the court did in *Halperin*, we note that subsection (2) does not specify that a defendant's counterclaim must be one "for damages" to qualify for attorney fees. That is, unlike subsection (1), which contemplates a plaintiff prevailing in an "action for damages" (*i.e.*, an "action at law"), where "the amount pleaded is $10,000 or less," subsection (2) specifies only that a defendant's counterclaim "not *** exceed $10,000." That distinction suggests that, even if ORS 20.080 as a whole is not invoked unless the plaintiff has asserted a legal claim—as the Supreme Court appears to have held in *Rose*, 279 Or at 29—a defendant's prosecution of an equitable counterclaim neither converts the action to a "suit in equity" nor precludes an award of attorney fees to the defendant, so long as the dollar value of the counterclaim, if any, does "not *** exceed $10,000." ORS 20.080(2).

The language that the legislature rejected in 1953 provides another clue that it intended for the statutory scheme to work that way, with the plaintiff's filing invoking the statute, and with each parties' claims or counterclaims being subject to disqualification only if they exceeded a certain value. At the time, ORS 20.080 (1953) provided that, "[i]n any action for damages for an injury or wrong to the person or property, or both, of another *where the amount recovered* is $500 or less," a plaintiff may recover attorney fees. (Emphasis added.) The language that the legislature declined to adopt would have, among other things, substituted "in controversy" for "recovered" in the existing statute. Although that change was rejected, the legislature's subsequent adoption of "pleaded" in place of "recovered" appears to similarly reflect the view that a legal dispute's overall value, something largely under the control of the plaintiff who initiates the case, should be what dictates the potential availability of attorney fees. *See Colby*, 208 Or at 126 (noting legislative goal of "encouraging the settlement without litigation of meritorious tort claims involving small sums"). Thus, the legislature invited plaintiffs to invoke ORS 20.080 by keeping their claims low, after which they would be entitled to attorney fees if they were ultimately to prevail.

Nothing about the later adoption of an attorney-fee provision related to counterclaims suggests that the legislature intended to alter that scheme. That is, unless a defendant takes part of the case out of ORS 20.080 by pleading a counterclaim seeking more than $10,000 in damages, it remains a small tort claim, whether the defendant pleads legal claims or exclusively equitable ones. For that additional reason, we are not persuaded that the legislature intended to preclude defendants from recovering attorney fees under ORS 20.080 if they successfully defeated a plaintiff's legal claim by pursuing an equitable counterclaim, as that could well frustrate the legislature's overall objective of encouraging the settlement of such cases. *See Halperin*, 352 Or at 495 ("It is, of course, an ancient maxim that remedial statutes are to be construed liberally to effectuate the purpose for which they were enacted.").

Here, the parties do not dispute that plaintiff's action for trespass and to quiet title was an action "for damages for an injury or wrong to the person or property, or both, of another." ORS 20.080(1). It is also undisputed that the equitable counterclaim on which defendants prevailed was not one that "exceed[ed] $10,000." ORS 20.080(2). Accordingly, the trial court did not err in awarding attorney fees to defendants.[12]

Affirmed.

---

[12] In light of our conclusion that defendants' success on their equitable counterclaim entitled them to an award of attorney fees under ORS 20.080(2), we need not further consider the trial court's alternative rationale that, because defendants had prevailed on plaintiff's trespass claim, which itself was legal in nature, they were entitled to fees.