374 January 8, 2025 No. 31

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RECK LLC,
a domestic limited liability company;
Chris Borgerding; Alvin Decker; Lee Kaseberg;
Donald Richelderfer;Terry Kaseberg; Larry Thompson;
David Wehinger; Kathleen Keihert; and Gary MacNab,
*Plaintiffs-Respondents,*

*v.*

David BIRD
and Lynda Bird, husband and wife,
*Defendants-Appellants.*

Wallowa County Circuit Court
22CV15878; A182372

Wes Williams, Judge.

Argued and submitted December 13, 2024.

George W. Kelly argued the cause and filed the briefs for appellants.

Bruno J. Jagelski argued the cause for respondents. Also on the brief were Simmone Landau and Yturri Rose, LLP.

Before Tookey, Presiding Judge, Kamins, Judge, and Nakamoto, Senior Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendants appeal from a judgment, entered after the trial court granted plaintiffs' motion for summary judgment, declaring that plaintiff Reck LLC has an implied easement and that plaintiffs Borgerding, *et al.* (the Borgerdings), have a prescriptive easement for the use of a gravel road over defendants' property. On appeal, defendants assert that there are genuine issues of material fact that preclude summary judgment for plaintiffs. We conclude that the record on summary judgment demonstrates genuine issues of material fact as to both the Borgerdings' claim of easement by prescription and Reck LLC's claim of implied easement, and that the trial court therefore erred in determining that plaintiffs are entitled to judgment on their easement claims as a matter of law. ORCP 47 C. We therefore reverse and remand the judgment for plaintiffs.

The record on summary judgment includes evidence that the parties' properties consist of rural acreage in Wallowa County. Defendants' property, consisting of Tax Lots 2400 and 2600, borders a county road, from which a gravel road branches off and travels across defendants' property. It is not known when the road was built or who built it. The road is gated and locked from the county road. After passing across defendants' property, the gravel road terminates on national forest land and just below the property of Reck LLC. The Reck LLC property involved in this dispute consists of Tax Lot 2800, which is to the north-east of plaintiff's property and shares a corner with Tax Lot 2400. The Borgerding property, Tax Lot 2700, is due north of the Reck LLC property, and Tax Lots 2700 and 2800 are contiguous at their north/south boundaries.

The disputed gravel road, with the exception of the short segment crossing national forest land, gives access to the Reck LLC property, which must then be crossed for access to the Borgerding property. Tax Lots 2700 and 2800 are otherwise landlocked.[1]

---

[1] A road crosses a corner of Tax Lot 1900, other acreage owned by Reck LLC, which is contiguous to a corner of Reck LLC's tax lot 2800, but the evidence in the record on summary judgment is that, because of rough terrain, that road does not give vehicular access to the Tax Lot 1900 or to plaintiffs' properties. There is evidence that there might be access from that road by horseback.

Defendants' and plaintiff Reck LLC's properties (Tax Lots 2400, 2600, and 2800) were once held in the common ownership of John Huffman. In 1936, Huffman carved out Tax Lot 2800 and deeded it to his son, L. C. Huffman. As mapped, Tax Lot 2800 was and is landlocked.

Reck LLC acquired tax lot 2800 in 2019.[2] The evidence in the record on summary judgment is that, from 1971 until April 2021, when defendants changed the lock to the gate and began to require their permission to use the gravel road, the owners of Tax Lots 2700 and 2800 had a combination or key to the gate's lock and used it freely, without asking permission from defendants. When Reck LLC acquired the property, Makin, Reck LLC's managing member, received a key to the gate's lock from the seller. Reck LLC uses Tax Lot 2800 and Tax Lot 1900 for cattle ranching and, until defendants blocked access, Makin regularly used the gravel road across defendant's property to access Tax Lots 2800 and 1900 for ranching purposes.

With the exception of one brief period, Tax Lot 2700 has been in the ownership of the Borgerding family for 100 years. As mapped, it is landlocked. The current owners acquired the property in 1988 and used the gravel road for access without asking defendants' permission, until April 2021, when defendants changed the lock on the gate and began to require permission.

The trial court held on summary judgment that the Borgerdings had established a prescriptive easement for use of the gravel road to gain access to Tax Lot 2700. A prescriptive easement arises when a claimant demonstrates, by clear and convincing evidence, the open, notorious, and adverse use of another's property for a continuous and uninterrupted period of at least 10 years. *Thompson v. Scott*, 270 Or 542, 546-47, 528 P2d 509 (1974). Because the doctrine permits one person to acquire an interest in land without paying the owner for it, prescriptive easements are not favored by the law. *Wood v. Woodcock*, 276 Or 49, 56, 554 P2d 151 (1976); *Wels v. Hippe*, 360 Or 569, 578, 385 P3d 1028 (2016). For that reason, the person seeking a prescriptive

---

[2] Reck LLC also acquired Tax Lot 1900 at that time, which meets tax lot 2800 at its northeast corner.

easement must establish its elements by clear and convincing evidence.

On appeal, in their first assignment of error, defendants challenge the trial court's determination that plaintiffs have established a prescriptive easement with respect to the Borgerding property, Tax Lot 2700, contending that there are material questions of fact as to whether plaintiffs have established the element of adversity by clear and convincing evidence. As a preliminary matter, we reject plaintiffs' argument that defendants did not preserve their contention. Below, defendants argued that plaintiffs had permission to use the gravel road, which defeats the element of adversity. We conclude that defendants' argument was sufficiently raised to satisfy the requirements of preservation on the issue of adversity.

And we further agree with defendants that the record on summary judgment demonstrates a genuine issue of material fact with respect to adverse use that precludes summary judgment. Use is "adverse" where it is "inconsistent with the owner's use of the property" or "undertaken not in subordination to the rights of the owner." *Wels*, 360 Or at 578. The general rule is that open and notorious use for a continuous and uninterrupted 10-year period gives rise to a rebuttable presumption that the use was adverse to the owner's rights. *Albany & Eastern Railroad Co. v. Martell,* 366 Or 715, 721, 469 P3d 748, *adh'd to as modified on recons*, 367 Or 139, 475 P3d 437 (2020). Thus, when use of the road is open, continuous, and uninterrupted for the prescriptive period, it is the servient owner's burden to disprove adversity by showing that the use was permissive. *Id*.

But there are circumstances when no presumption arises, and when a claimant must affirmatively show adversity without the aid of the presumption. For example, adverse use cannot be undertaken with the owner's permission. *Wels*, 360 Or at 579. In *Wels*, the court said that when the person claiming the easement by prescription is a stranger to the landowner, it makes sense to assume that an obvious use of the owner's property is adverse to his or her rights. *Id*. at 579. But "when the nature of the land or the relationship between the parties is such that the use of the

owner's property is not likely to put the owner on notice of the adverse nature of the use," the presumption should not apply, and a claimant should be required to affirmatively show adversity. *Id*. For example, "when a claimant uses a road that the landowner constructed or that is of unknown origin, the claimant's use of the road—no matter how obvious—does not give rise to a presumption that it is adverse to the owner," especially when the claimant's use of the road is nonexclusive. *Id*. at 579-80. Under those circumstances, "'it is more reasonable to assume that the use was pursuant to a friendly arrangement between neighbors rather than to assume that the user was making an adverse claim.'" *Id*. (quoting *Woods v. Hart*, 254 Or 434, 436, 458 P2d 945 (1969)). In those cases, there is no presumption, and the claimant is required to affirmatively show adverse use by demonstrating that the claimant's use of the road interfered with the owner's use of the road, or that the claimant used the road under a claim of right of which the owner was or should have been aware. *Wels*, 360 Or at 580.

We have reviewed the record on summary judgment and conclude that it presents a question of fact as to whether this is a case in which the presumption of adversity applies. That is because the record shows that the road is of unknown origin and that the Borgerdings' use is not exclusive. *See Wels*, 360 Or at 579. In that case, it would be the Borgerdings' burden to establish adversity by showing that their use was adverse because it interfered with defendants' use or because they claimed a right of use of which defendants had notice. The record on summary judgment includes disputed issues of material fact on both of those issues. Plaintiffs point out that the Borgerdings' deed from their grantor of Tax Lot 2700 granted an easement over "any existing driveway or existing access road," and contends that it should be viewed as record notice to defendants of plaintiffs' claim of right. However, the Borgerdings' deed is not within defendants' chain of title and therefore is not definitive of notice to defendants of a claim of right by the Borgerdings. *See Phair v. Walker*, 277 Or 141, 144, 559 P2d 882 (1977) (a property owner is "bound by the recitals in the conveyances necessary to his chain of title."). Similarly, the record contains a disputed issue of material fact as to

whether defendants' predecessor gave plaintiffs' predecessor permission to use the road, which would negate the element of adversity. For those reasons, we conclude that the trial court erred in granting the Borgerdings' motion for summary judgment on their prescriptive easement claim.

We move on to defendants' contention, in their second assignment of error, challenging the trial court's ruling on summary judgment that plaintiff Reck LLC had established its claim of implied easement for use of the road. The elements of an easement by implication are:

> "'When land in one ownership is divided into separately owned parts by a conveyance, an easement may be created \*\*\* by implication from the circumstances under which the conveyance was made alone.' *Rose et ux. v. Denn et ux.*, 188 Or 1, 19, 212 P2d 1077 (1949), *reh'g den*, 188 Or 1, 213 P2d 810 (1950) (quoting *Restatement (First) of Property* § 474 (1936)). 'That is, an implied easement is created when the circumstances that exist at the time of severance of a parcel establish that the grantor of the parcel intended to create an easement.' *Manusos v. Skeels*, 263 Or App 721, 723, 330 P3d 53 (2014)."

*Ghiglieri v. Tomalak*, 304 Or App 717, 721-22, 469 P3d 262 (2020). Thus, as defendants correctly argue, the focus here in determining the existence of an easement by implication is the intentions of the parties under the circumstances when, in 1936, Huffman carved out Tax Lot 2800 and deeded it to his son, L. C. Huffman. As appears to be undisputed, Tax Lot 2800, as mapped, would have been accessible on horseback but inaccessible by vehicle, unless the conveyance included an implied easement to use a road crossing defendants' property, with a short jaunt over national forest land. Although the record on summary judgment is undisputed that some portion of Huffman's holding was used in cattle ranching, the record does not include evidence specifically as to the use of Tax Lot 2800 during that time. Nor does it include evidence as to the existence of the gravel road. It may be that a factfinder could make inferences that a road was in existence on Tax Lots 2400 and 2600, and that the parties to the 1936 transaction intended that Tax Lot 2800 have an easement over the road for vehicles used in cattle ranching. But like prescriptive easements, implied

easements are disfavored and must be established by clear and convincing evidence. *Manusos*, 263 Or App at 724. We are not able to conclude that the record on summary judgment contains clear and convincing evidence that, at the time of the 1936 conveyance, the intention was that the grantee would have vehicular access across a gravel road on Tax Lots 2400 and 2600. We conclude, therefore, that the trial court erred in granting plaintiff Reck LLC's motion for summary judgment.

Our conclusions on defendants' first and second assignments of error require reversal and obviate the need to address defendants' third assignment, which challenges the trial court's determination of the width of the easement, their fourth assignment, which challenges the trial court's extension of the easement to Tax Lot 1900, and their fifth assignment, which challenges the trial court's award of costs to plaintiffs.

Reversed and remanded.